## WILLIAMS et al. v. KOZAK.

(Circuit Court of Appeals, Fourth Circuit. March 21, 1922.)

No. 1930.

1. **Justices of the peace ⊙⇒25—Liable for negligent issuance of illegal search warrant.**

A justice of the peace, who, without the complaint under oath required by statute, issues a search warrant in a civil case, acts entirely outside of his jurisdiction, and is liable for actual compensatory damages resulting from invasion of defendant's premises or other wrongs done by the officer in attempted execution of the illegal warrant, but not for malicious or vindictive acts of such officer which he did not authorize or sanction.

2. **Trial ⊙⇒252(6)—Instruction held not warranted by evidence.**

An instruction authorizing a verdict for damages against a justice of the peace on a finding of malice in the issuance of a search warrant held erroneous, where there was no evidence to support a finding of malice.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Action at law by Max Kozak against William F. D. Williams and Robert H. Reynolds. Judgment for plaintiff, and defendants bring error. Reversed.

S. James Turlington, of Accomac, Va. (Thomas H. Nottingham, of Eastville, Va., on the brief), for plaintiffs in error.

James E. Heath, of Norfolk, Va. (Louis S. Sacks, of Cape Charles, Va., and Tazewell Taylor, of Norfolk, Va., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. Plaintiff, Max Kozak, is a maker and repairer of shoes at Cape Charles, Va. Janie Gunter, a negro woman, left with him two pairs of shoes to be repaired. Claiming that one pair returned was not hers, she made an effort with the assistance of Reynolds, the town sergeant, to get Kozak to correct the alleged mistake. The effort was unsuccessful, Kozak contending no mistake had been made. On the advice of Reynolds she then applied to Williams, the local justice of the peace, for his assistance. Williams issued a warrant of detinue and made it returnable the same day. The statute requires that, except by consent, the trial in a civil action shall not be held until the expiration of five days. Kozak and his wife are Russians, and he speaks broken English. In the course of the trial of this civil case the justice of the peace issued a search warrant for the shoes

without the sworn complaint, required by statute, that goods had been stolen, embezzled, or obtained by false pretenses. The justice thus explains the upsetting of his judicial equilibrium and consequent illegal action:

"I asked Mr. Reynolds to go and get Mr. Kozak to come, and Mrs. Kozak said he cannot speak good, and she could speak for him, and I said surely, and the colored woman started to explain herself, and Mrs. Kozak kept calling her a thief and a liar, and she was so excited I did not hear much that passed, and it was a one-sided affair, I could hardly hear myself think, and finally I could not get heads or tails of the thing, so I said to Mr. Reynolds, 'I do not know of anything better than for all the parties to go and look at the shoes in the shop, and see if the woman can identify them.' She said these were not hers, and Mr. Reynolds said, 'I have been there one time this afternoon and they ran me out,' and I said, 'I will give you a warrant,' and I made it out and gave it to him, and told him to look for the shoes."

The sergeant, Reynolds, in company with Janie Gunter, went to Kozak's shop and undertook to search for the shoes. While this was going on Kozak and his wife returned. A mêlée followed. Kozak in this action recovered judgment for $700 damages against the justice of the peace and the sergeant, on the allegations that they had forced him to walk through the streets of Cape Charles to the office of the justice and then imprisoned him; that they beat and bruised and illtreated and imprisoned him; that they invaded his place of business without warrant and searched and ransacked it. The warrant of detinue was a mere summons to defendant to appear and answer the complaint of Janie Gunter. It did not command or authorize the arrest of Kozak, and if the sergeant did arrest plaintiff under it he alone was responsible.

[1] In issuing the search warrant in a civil case without complaint under oath, the justice acted entirely outside of his jurisdiction, and is responsible for actual compensatory damages which proximately resulted from his illegal action. Therefore actual damages for any invasion of plaintiff's premises, and for any other wrongs done by the sergeant growing out of the attempted enforcement of the illegal warrant, are chargeable to the justice as well as the sergeant. Flack v. Harrington, Breese (Ill.) 213, 12 Am. Dec. 170; Kelly v. Rembert, Harp. (S. C.) 65, 18 Am. Dec. 643; Bissell v. Gold, 1 Wend. (N. Y.) 210, 19 Am. Dec. 480; Broom v. Douglass, 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; Landseidel v. Culeman (N. D.) 181 N. W. 593, 13 A. L. R. 1339, note, 1351, 1360.

The instruction that, if the justice acted without malice, plaintiff could recover nothing more than nominal damages—defined by the court to be damages substantially small—was too favorable to the defendant Williams. We think the evidence shows, beyond doubt, the absence of malice on the part of the justice of the peace. He was negligent in issuing a search warrant, void for lack of jurisdiction. But his action was taken in good faith, with the good motive of trying to adjust expeditiously a petty dispute over a pair of shoes. There is no evidence that he participated in, authorized, or sanctioned any malicious or vindictive motive or action attributable to the sergeant, and for that he is not liable. Foley v. Martin, 142 Cal. 256, 71 Pac. 165, 75 Pac. 842, 100 Am. St. Rep. 123, and note.

[2] The jury was nevertheless given this instruction:

"If you believe from the testimony that the said Williams, in issuing said search warrant, acted with malice—that is, with the purpose and intent, by reason of his official position, to do injury to the plaintiff's person or property, or to humiliate and degrade him—then, and in such case, the defendant Williams may be held liable in damages for the ordinary results which would likely follow such improper conduct."

In the "eleventh instruction" the same charge was made. These instructions, having no basis in the evidence against the justice of the peace, were erroneous as to him.

The instruction was given to the jury that, if the sergeant, Reynolds, during the search made an assault on both the plaintiff and his wife, they should assess damages that would compensate plaintiff for the physical and mental suffering by reason of such misconduct by the defendant. This instruction was erroneous and confusing. The jury might well have concluded that they should include in the verdict damages for assault on plaintiff's wife, which she alone could recover.

Reversed.