Argued September 26, reversed and remanded October 24, 1922.

# NALLY v. RICHMOND.

(209 Pac. 871.)

**Appeal and Error — Record of Testimony and Dialogues Between Counsel and Court a Proper Bill of Exceptions.**

1. A report of the testimony adduced at the trial with the dialogues between counsel and court constitutes a proper bill of exceptions.

**Appeal and Error—Error to Constitute Ground for Reversal must have Been Legally Excepted to.**

2. Error, to constitute ground for reversal, must have been legally excepted to.

**Malicious Prosecution — Commencement of a Criminal Proceeding Essential.**

3. To constitute malicious prosecution, a criminal proceeding must have been commenced.

**Malicious Prosecution—Complaint Held not to Show Commencement of Proceedings for Search-warrant.**

4. A complaint for malicious prosecution, alleging that defendant maliciously, and without probable cause, appeared before a justice of the peace, and by information applied for a search-warrant, and represented to the justice that the plaintiff had stolen and secreted certain property, and that a search-warrant was issued and delivered to the sheriff, who failed to find the property, without alleging, as authorized by Section 87, Or. L., that the determination of the justice was duly made, *held* insufficient in not stating the facts necessary to give the justice jurisdiction, so as to show the commencement of any proceeding, since it did not appear that the warrant was issued on affidavit and depositions required by Sections 1854–1856.

**Searches and Seizures — Statute Requiring Affidavit Showing Probable Cause Before Issuance of Search-warrant Mandatory.**

5. Sections 1854–1856, Or. L., providing that a search-warrant cannot be issued except upon probable cause, shown by affidavit *held* mandatory.

**Trespass—Breaking and Entry Gist of Action.**

6. The gist of the action in trespass is breaking and entering upon the real property of plaintiff, and what happens after the entry is mere matter of aggravation.

---

4. Issuance of search-warrant as malicious prosecution, see notes in 101 Am. St. Rep. 332; 1 Ann. Cas. 996; 10 Ann. Cas. 372.

Malicious prosecution by want of probable cause for wrongful search of premises, see note in 39 L. R. A. (N. S.) 207.

5. Validity of search-warrant issued without an affidavit or complaint, see note in 28 L. R. A. (N. S.) 548.

Trespass — Complaint Held Insufficient to Charge Trespass by "Searching" Premises.

7. A complaint for malicious prosecution, alleging that defendant procured a search-warrant for search of plaintiff's premises, that the warrant was delivered to the sheriff, who went to plaintiff's residence and compelled her to allow him to make a search, and that the sheriff made a return on the warrant stating that he had executed it "by going into the residence" of the plaintiff, *held* insufficient to state a cause of action for trespass in not alleging an entry; "searching" being generally a function of sight not necessarily disturbing possession, and the averment as to sheriff's return not constituting a direct averment as to entry.

Pleading—General Demurrer Never Waived.

8. A general demurrer is never waived.

From Lincoln: G. F. SKIPWORTH, Judge.

For appellant there was a brief over the name of *Messrs. McFadden & Clarke,* with an oral argument by *Mr. Arthur Clarke.*

For respondent there was a brief over the names of *Mr. Seneca Fouts* and *Mr. J. Hennessy Murphy,* with an oral argument by *Mr. Fouts.*

BURNETT, C. J.—This is an action for malicious prosecution. Paragraph I of the complaint is as follows:

"That on or about the 6th day of December, 1919, in the city of Newport, county of Lincoln, state of Oregon, the defendant falsely and maliciously, and without reasonable or probable cause, appeared before W. M. Berry, Justice of the Peace for Newport District, county of Lincoln, state of Oregon, and there by information, by oath or affirmation, applied for a search warrant against the said plaintiff herein and represented to the said justice of the peace that she, the said plaintiff, had stolen certain personal property belonging to the defendant, and that they were secreted in the house occupied by this plaintiff, a more particular description of said articles being set forth in the search warrant hereafter pleaded in this complaint, and by said statements and information se-

cured and procured the issuance of a search warrant by the said justice of the peace in words and figures as follows, to wit:

" 'In the name of the state of Oregon. To the sheriff or constable of the county of Lincoln, Greeting:

" 'Information on oath having been this day laid before me that Mrs. John Doe Betty Nally of stealing the articles below listed, you are therefore hereby commanded at any time day or night to make immediate search, on said person or at her residence located in Newport, Lincoln County, for the property below listed, and if you find the same or any part thereof, to bring the same to me at my office.

" 'Dated at Newport this 6 day of December, 1919.
" '(Signed) W. M. BERRY,
" 'Justice of the Peace for Newport District, County of Lincoln, State of Oregon.' "

(Appended to the warrant was a list of the articles referred to in the warrant itself.)

The complaint continues thus:

"That immediately thereafter the said search warrant was delivered to the sheriff of Lincoln County, Oregon, by the said justice of the peace, and the said defendant, with instructions to search the person or residence of said plaintiff located in Newport, Lincoln County, Oregon, for the aforementioned property and in pursuance thereof the said sheriff accompanied by the marshal of the said city of Newport, went to the residence of the plaintiff herein, with said search-warrant, and under and by virtue of the authority thereof compelled her to allow them to make a search of her residence for said property, and after such search having been thoroughly made, the said property was not found in said residence, nor in her custody, nor on her person, nor any thereof."

The remainder of the primary pleading is devoted to a statement that the sheriff returned the warrant to the effect that he had found no goods, and the gen-

eral allegation of damages, both compensatory and punitive.

A demurrer was filed by the defendant, on the ground that the complaint does not state facts sufficient to constitute a cause of action against the defendant. This does not seem to have been disposed of by the court.

The record discloses an answer denying the complaint *in toto* and submitting no new matter.

A jury trial resulted in a verdict against the defendant in the sum of $2,000 general damages and $1 punitive damages.

From the ensuing judgment the defendant appealed, assigning as errors that the court was wrong in not sustaining the demurrer to the complaint and dismissing the complaint; that the court erred in not granting a nonsuit, in not directing the jury to return a verdict in favor of the defendant, and in submitting the case to the jury.

1. Excepting the first, these assignments of error involve a consideration of the bill of exceptions. The only document of that kind consists in a report of the testimony adduced at the trial, with the dialogues between counsel and court. Under the doctrine of *Malloy* v. *Marshall-Wells Hardware Co.,* 90 Or. 303 (173 Pac. 267, 175 Pac. 659, 176 Pac. 589), this constitutes a proper bill of exceptions; but while an inspection of this document shows for illustration the objection of the defendant to the introduction of the search-warrant in evidence, on the ground that it was not supported by any affidavit, and that the court overruled the objection, there is no exception taken to the ruling of the court. In brief, this bill of exceptions so called discloses that in all instances where an objection was made to the introduction of

testimony or other matter, the defendant submitted to the ruling of the court without protest or objection.

2. It has always been the rule, that it is not error simply, but error legally excepted to, that constitutes ground for reversal: *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309), and cases which have followed that implicitly down to the present time.

We are limited, then, to the sole question of whether or not the complaint states facts sufficient to constitute a cause of action. As a foreword, it is said in *Small* v. *McGovern,* 117 Wis. 608 (94 N. W. 651):

"Public policy requires freedom and safety for the mover of criminal prosecutions, to the end that the guilty may be brought to trial and punishment; hence liability for damages caused thereby to the innocent has been hedged about by limitations more stringent than in the case of almost any other act causing damage to another."

In *Cloon* v. *Gerry,* 13 Gray (Mass.), 201, 202, Mr. Chief Justice SHAW wrote:

"This kind of suit, by which the complainant in a criminal prosecution is made liable to an action in damages at the suit of the person complained of, is not to be favored; it has a tendency to deter men who know of breaches of the law, from prosecuting offenders, thereby endangering the order and peace of the community."

This is the atmosphere surrounding a case of this nature.

It is said in 1 Jaggard on Torts, Section 197, that:

"To constitute malicious prosecution there must have been an original judicial proceeding."

3. It is well supported by authority that to cause a search-warrant to be issued maliciously and without proper cause, is malicious prosecution for which

an action will lie: *Page* v. *Citizens' Banking Co.*, 111 Ga. 73 (36 S. E. 418, 78 Am. St. Rep. 144, 51 L. R. A. 463); *Hardin* v. *Hight*, 106 Ark. 190 (153 S. W. 99, 44 L. R. A. (N. S.) 368). Malicious prosecution as defined by Bouvier, approved in *Harrington* v. *Tibbet*, 143 Cal. 78 (76 Pac. 816, 817), is "a wanton prosecution made by a prosecutor in a criminal proceeding, without probable cause, by a regular process and proceeding, which the facts do not warrant as appears by the result." Having in mind the rule laid down in Jaggard and Bouvier, it is clear that as applied to this case a criminal proceeding must have been commenced. Something must have been done by or at the behest of the defendant to authorize exercise of jurisdiction by the justice of the peace, and the judgment or determination of that officer must be regularly pleaded.

"In pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction": Or. L., § 87.

4. Alluding to this section, Mr. Chief Justice MOORE in *De Vall* v. *De Vall*, 57 Or. 128, 136 (109 Pac. 755, 110 Pac. 705), used this language:

"When, however, a party alleging a judgment of a subordinate tribunal elects to set forth the facts conferring power to hear and determine a cause, the pleading must be complete in this respect and state all the facts necessary to give jurisdiction: *Fishburn* v. *Londershausen*, 50 Or. 363, 373 (92 Pac. 1060, 14 L. R. A. (N. S.) 1224)."

The same doctrine is laid down in *Canuto* v. *Weinberger*, 79 Or. 342, 345 (155 Pac. 190). In other

words, the pleader may aver the proceedings of the
court of limited jurisdiction according to their tenor,
if he will; or he may avail himself of the provisions
of Section 87, Or. L., and plead them according to
their legal effect, so to speak, by saying that the
judgment or determination was *duly* made or given.
In this instance, the plaintiff has not employed the
abbreviated form allowed by the Code. It was there-
fore incumbent upon her to state in detail all the
facts necessary to give the justice of the peace juris-
diction to act, and it must be averred that the de-
fendant did the things by which alone that·jurisdic-
tion is acquired.

5. Let us advert for a moment to Sections 1854,
1855 and 1856, Or. L., governing the issuance of
search-warrants:

"A search warrant cannot be issued but upon prob-
able cause, shown by affidavit, naming or describing
the person, and describing the property and the place
to be searched." Section 1854.

"The magistrate must, before issuing the warrant,
examine, on oath, the complainant and any witnesses
he may produce, and take their depositions in writing,
and cause them to be subscribed by the parties mak-
ing them." Section 1855.

"Thereupon, if the magistrate be satisfied that
there is probable cause to believe in the existence of
the grounds of the application, he must issue the war-
rant, which may be in substantially the following
form: [prescribing a form]." Section 1856.

The statute is mandatory that a search-warrant
cannot be issued except upon proper cause shown by
affidavit. Assuming to plead otherwise than accord-
ing to the legal effect of "duly given or made,"
it was necessary for the plaintiff to set out with
particularity the filing of the affidavit and the taking
of a deposition, in order to give the Justice's Court

jurisdiction to issue the warrant. It is true, the pleading says that the defendant appeared before the justice of the peace ''and there by information, by oath or affirmation, applied for a search-warrant against the said plaintiff.'' In the face of the general demurrer, which is never waived, this is not sufficient, because it is not every ''oath or affirmation'' that is an affidavit. It is not stated that the defendant made affidavit or even oath that the plaintiff had stolen any property. The pleading says he ''represented'' such matters to the justice of the peace, and that the goods were secreted in the house occupied by the plaintiff; but this does not necessarily mean that an affidavit had been filed. Furthermore, the pleading is utterly silent as to that other prerequisite to the issuance of a search-warrant, namely, the taking of the deposition. For these reasons, measured by the standard of pleading laid down in Section 87, Or. L., the complaint does not legally show that a proceeding had been commenced. It is not like that class of cases supported by numerous authorities, to the effect that where an affidavit is filed by the defendant in an action for malicious prosecution, he cannot protect himself by pointing out defects in the affidavit. In other words, in a collateral proceeding he cannot demur to his own complaint in the original transaction. This is a case where it does not appear that any affidavit was filed or that any depositions were taken. The complaint, therefore, does not state sufficient to show that any proceeding was commenced. For all that appears, the justice *sua sponte* possibly after consulting the sheriff, issued a warrant and the plaintiff would now make the defendant responsible for the erroneous conception of his official duty by the justice of the peace.

6. But it is said that enough remains in the complaint to show a trespass upon the premises of the plaintiff, and that the allegations relating to the search-warrant may be regarded as mere matters of inducement. We again refer to what was said in the complaint was done by virtue of the search-warrant. It is said that the sheriff and the marshal of the City of Newport "went to the residence of the plaintiff herein with said search-warrant and under and by virtue of the authority thereof compelled her to allow them to make a search of her residence for such property."

7. The gist of the action in trespass is breaking and entering upon the real property of the plaintiff. What happens after the breaking and entry is mere matter of aggravation. It is quite possible for the sheriff to have gone "to the residence" of the plaintiff without ever entering upon her premises. It is also possible for him to have stood in the street and looked into the open door or window of her residence and thus have searched it without ever setting foot upon the plat of ground on which the house stood. "Searching" is generally a function of sight not necessarily disturbing the possession of the premises. The complaint is faulty if viewed as one for trespass, in that it does not allege an entry upon the premises. For instance, in *United States Mfg. Co.* v. *Stevens,* 52 Mich. 330 (17 N. W. 934), a case involving the removal of personal property from premises claimed by the plaintiff, it is said that:

"The substantive cause of action laid in each count is the tortious entry by the landlord on the demised premises during the existence of the tenancy; and the further circumstances of injury, including the putting out and exposure of the wagon-hounds, are only matters of aggravation. They are not original and addi-

tional causes of action. Their office is purely subsidiary. They can have effect, only in case of recovery, to expand the right to damage which that wrongdoing has raised: [citing authorities]. Unless the pivotal charge of injury is established, or in other words, unless the breaking and entry is made out, the action must necessarily fail. It is not competent to desert the substantive ground of action described and make use of those elements laid as simple accessories, as though they were counted on as primary and distinct grounds of recovery."

. Also, in *Reed* v. *Peoria &c. R. R. Co.*, 18 Ill. 403, it is said:

"In actions of trespass the plaintiff may declare for a wrongful breaking and entry of his close, which is purely an injury to land, and, by way of aggravation, allege any other acts of trespass, upon the same occasion, committed therein to the land, the person, or personal property of the plaintiff, and recover damages for all. But if, in such case, he fails to establish the wrongful entry alleged, not having maintained the principal trespass or ground of action, he cannot recover for the consequences or incidents, as an assault and battery of his person, or injuries to his personal property therein."

In *Cook* v. *Redman,* 45 Mo. App. 397, the court said:

"The illegal entry or trespass committed April 1, 1887, constituted the cause of action. What was done thereafter was merely to aggravate or increase the damages."

In *Brown* v. *Manter,* 32 N. H. 468, the court said:

"The gist of the action of trespass is the disturbance of the possession. If the close is illegally entered, a cause of action at once arises. What is done after the breaking and entering is but aggravation of damages."

The same doctrine is laid down in *Pico* v. *Colimas,* 32 Cal. 578, where it is said:

"If the complaint in an action to recover damages for an alleged trespass avers that the defendant unlawfully entered on plaintiff's land and tore down a gate, the gist of the action is the entry, and the removal of the gate is mere matter of aggravation; and if the plaintiff fail to prove the gist, he cannot recover for the matter of aggravation."

Finally, in *Brown* v. *Lake*, 29 Ohio St. 64, we find that:

"In such cases [trespass] if the plaintiff fails to establish the principal trespass, no recovery can be had on account of any of the circumstances of special injury resulting therefrom."

Thus it will be seen that the plaintiff cannot count in the first instance on what is mere aggravation, but must be able to prove and hence must allege a wrongful entry upon the premises. It is true, the complaint quotes the return of the sheriff on the warrant, in which that officer says that he executed the warrant "by going into the residence of the within named defendant"; but this averment of the sheriff's return is no more than saying in substance that a witness is in existence who would testify to the unlawful entry upon the property of the plaintiff. It is not a direct averment on the part of the pleader that such an entry was accomplished.

8. In the face of the general demurrer, which is never waived, the complaint fails to disclose that the defendant did any of the necessary things required by law to authorize the issuance of the search-warrant. Unless he did those things, howbeit in a defective manner, by which alone the magistrate acquires jurisdiction to proceed, the defendant is not answerable in this action. Otherwise, any citizen having knowledge of the commission of a crime, or reasonable cause to believe that one has been com-

mitted, would be at the mercy of an ignorant or officious magistrate, for whose unauthorized actions he might be mulcted in damages.

On the whole case the complaint does not state facts sufficient to constitute a cause of action, either for malicious prosecution or trespass. The judgment is reversed and the cause remanded for further proceedings.        REVERSED AND REMANDED.

BEAN, BROWN and MCCOURT, JJ., concur.