Argued March 9, reversed and remanded April 6, 1926.

## BLAKE SHAW v. E. B. MOON ET AL.

(245 Pac. 318.)

Judges.

1. Judges of courts of limited and those of general jurisdiction stand on same plane, so far as civil liability for judicial acts is concerned.

Justices of the Peace—Ex-officio Justice of Peace, if Acting Without Affidavit or Evidence in Issuing Warrant to Search Plaintiff's Premises, Would be Liable for Injuries Sustained.

2. *Ex-officio* justice of the peace, if issuing warrant to search plaintiff's premises without affidavit, examination of witnesses or taking of depositions, required by statute, would be acting entirely without his jurisdiction and would be liable for injuries sustained.

Judges—Law Does not Subject Courts to Actions for Damages While Acting Within Their Jurisdiction.

3. Law does not subject courts of either limited or general jurisdiction to actions for damages while acting within their jurisdiction, even though judicial act be erroneous and not in good faith.

Malicious Prosecution.

4. He who maliciously, and without probable cause, procures officer to issue search-warrant is liable for damages.

Conspiracy—Joint Tort-feasors, if Conspiring to Injure Plaintiff by Issuance of Void Search-warrant, Held Responsible for Act of the Other in Consummation of Common Design.

5. If *ex-officio* justice of the peace issued warrant without jurisdiction to search plaintiff's premises and conspired with another as joint tort-feasor to injure plaintiff, each was responsible for act of the other in consummation of the common design.

Malicious Prosecution—Persons Procuring Void Search-warrant Held Liable Though Marshal Exceeded Jurisdiction in Serving Warrant.

6. Liability of one defendant for procuring, and another, an *ex-officio* justice of the peace, for issuing void warrant to search plaintiff's premises, *held* not affected because city marshal served warrant outside corporate limits of city beyond his jurisdiction.

Justices of the Peace—Ex-officio Justice of Peace Would not be Liable for Issuance of Invalid Search-warrant if Affidavit was Duly Filed Even Though Actuated by Malice.

7. If *ex-officio* justice of peace issued invalid warrant to search plaintiff's premises on affidavit duly filed, he would not be liable,

1. See 15 R. C. L. 547.
4. See 18 R. C. L. 18.
7. See 16 R. C. L. 342.

even though actuated by malice, since there would be a colorable invocation of his authority.

**Malicious Prosecution—Person Procuring Issuance of Invalid Search-warrant Liable if He Acted Maliciously and Without Probable Cause and Proceedings Abandoned.**

8.  Defendant, if procuring invalid warrant to search plaintiff's premises, would be liable, regardless of status of *ex-officio* justice of peace issuing warrant, if it were established that defendant acted maliciously and without probable cause, and there had been an abandonment of the proceedings.

**Malicious Prosecution.**

9.  Abandonment of proceeding, so far as right to recover for malicious prosecution is concerned, is equivalent to successful termination.

---

False Imprisonment, 25 C. J., p. 515, n. 55, p. 516, n. 56, 63, p. 517, n. 64, 70, p. 518, n. 78, 79, p. 519, n. 91.
Malicious Prosecution, 38 C. J., p. 441, n. 87, p. 457, n. 55, 57, 59.

From Sherman: D. R. PARKER, Judge.

Department 2.

REVERSED AND REMANDED.

For appellant there was a brief and oral argument by *Mr. J. B. Hosford.*

For respondents there was a brief over the name of *Messrs. Yates & Lewis,* with oral arguments by *Mr. Jay L. Lewis* and *Mr. C. M. Huddleston.*

BELT, J.—The sole question, arising on general demurrer, is whether the complaint herein states a cause of action against the defendants, or either of them.  Plaintiff alleges that he is the owner and entitled to the possession of a certain "Drive Clamp," an apparatus used in well drilling, and which is of the reasonable value of $20; that the defendant Moon, maliciously and without probable cause, procured the defendant Fortner, as recorder and *ex-officio* justice of the peace of the City of Wasco, to issue a search-warrant as follows:

"In the Recorder's Court of the City of Wasco,
        County of Sherman, Oregon.
    "In the Name of the State of Oregon.
"To Any Sheriff or Constable of the County of
    Sherman:
"To Any Marshall of the City of Wasco:
"GREETING—
    "Information on oath having this day been laid
before me that one certain 'Drive Clamp,' the prop-
erty of E. B. Moon, has been unlawfully removed and
taken from the lawful possession of the said E. B.
Moon, in the City of Wasco, and reasonable grounds
exist for the belief that it is now on the premises
of Blake Shaw and Jim Shaw, or in the personal
possession of same,
    "You are therefore hereby commanded, at any time
of the day or night, to search the premises of the
said Jim Shaw and Blake Shaw, and on and about
their person, for the following personal property,
to-wit: One certain 'Drive Clamp,' and if you find
the same, or any part thereof, to bring same to me at
my office in the City of Wasco.
    "Dated this 4th day of October, 1920.
                        "F. R. FORTNER,
            "City Recorder, *Ex-Officio* J. P."

It is averred that the justice of the peace, acting in
conspiracy with his codefendant, with the malicious
and wrongful purpose of depriving plaintiff of his
property and of injuring, humiliating and disgrac-
ing him in the community in which he lived, issued
such warrant without an affidavit, examination of any
witnesses or the taking of any depositions as required
by statute; that Fortner delivered the warrant to the
city marshal for service and that such official "pur-
suant to said pretended and unauthorized search-war-
rant" went about six miles beyond the corporate
limits of the City of Wasco and wrongfully seized the
property of plaintiff against his will and consent;
that no inventory of the property so taken was made

or delivered to the defendant magistrate and the property was turned over to the district attorney of Sherman County, who now has it in his possession; that plaintiff has made numerous demands for the return of his property, but that defendant Fortner, with wanton disregard of the rights of plaintiff, and, in furtherance of said scheme to injure him, has arbitrarily, wrongfully and maliciously failed and refused to examine into said matter or to take further proceedings to determine plaintiff's rights in the property in question, although several terms of the Circuit Court for that district have been held therein. Plaintiff complains that the deprivation of his property, the humiliation and injury to his feelings and reputation has damaged him in the sum of $5,000.

The complaint is quite lengthy, but the above statement contains the gravamen of plaintiff's charge.

Much space in the briefs pertain to the "label" to be put on this complaint, but we are not so much concerned with the form of the action (Cornelius on Search and Seizure, § 321) as we are with the question whether sufficient facts are alleged to show that plaintiff has sustained injury as a result of the wrongful acts of defendants, or either of them, for which recovery may be had. We think, however, that this is an action for malicious prosecution even though counsel for appellant concedes that it is not.

The books are full of decisions relative to the civil liability of judicial officers, and the great variance in the authorities well demonstrates that law is not an exact science. One line of cases emphasizes the necessity of maintaining, as a matter of public policy, the independence of the judiciary; while another stresses the right of personal liberty and frowns

upon any attempt to interfere therewith. In our opinion the better reasoned cases seek the golden mean.

1. Some authorities, in similar actions, distinguish between courts of limited and those of general jurisdiction, but the trend of modern authority is breaking down such distinction, and rightfully so. It is difficult to understand why we should hold liable a justice of the peace for blundering in the law and exempt for the same offense those occupying higher judicial positions. As a matter of abstract justice and common sense, it would seem that those who speak the final word should at least be held to the same degree of accountability. So far as civil liability for judicial acts is concerned, we think judges of courts of limited and those of general jurisdiction stand upon the same plane: *Rush* v. *Buckley,* 100 Me. 322 (61 Atl. 774, 4 Ann. Cas. 318, 70 L. R. A. 464); *Thompson* v. *Jackson,* 93 Iowa, 376 (61 N. W. 1004, 27 L. R. A. 92); *Calhoun* v. *Little,* 106 Ga. 336 (32 S. E. 86, 71 Am. St. Rep. 254, 43 L. R. A. 630); *Broom* v. *Douglas,* 175 Ala. 268 (57 South. 860, Ann. Cas. 1914C, 1155, 44 L. R. A. (N. S.) 164); 15 R. C. L. 548; 25 C. J. 516.

2, 3. Assuming that the allegations of the complaint are true, it appears that Fortner, as *ex-officio* justice of the peace, acted entirely without jurisdiction and for the wrongful and unlawful purpose of injuring plaintiff. It is not a case of an erroneous exercise of jurisdiction, but rather one wherein there is a total absence of jurisdiction. It must not be confused with cases involving search-warrants issued upon defective or insufficient affidavits, for in such proceedings the judge is exempt from liability even though he acted maliciously and without probable cause. There is a vast distinction between an erro-

neous exercise of authority and a usurpation of authority. It is not the policy of the law to subject courts of either limited or general jurisdiction to actions for damages, while acting within their jurisdiction, even though the judicial act be erroneous and not in good faith. In the instant case there was not even a colorable invocation of authority. The defendant Fortner was not called upon to function as a judge. It was a void proceeding. Under such circumstances he is liable for injury sustained as a result of his tortious act: *Bradley* v. *Fisher,* 13 Wall. (U. S.) 335 (20 L. Ed. 646) *Williams* v. *Kozak,* 280 Fed. 373; *Broom* v. *Douglas, supra.* See exhaustive notes in 137 Am. St. Rep. 47; Ann. Cas. 1914C, 1155; 13 A. L. R. 1351. As concisely stated in 15 R. C. L. 543:

"The trend of authority undoubtedly is that judges, whether of superior or inferior jurisdiction, are not exempt from liability for their acts if they act entirely without jurisdiction."

In 25 C. J. 515, the rule is stated thus:

"A judicial officer is not liable for acts done in his judicial capacity where there is not a clear absence of all jurisdiction over the subject matter and person, even though such acts constitute an excessive exercise of jurisdiction or involve a decision that the officer had jurisdiction over the particular case where in fact he had none."

In the well-considered and leading case of *Broom* v. *Douglas, supra,* it is said:

"Nevertheless it must be conceded that it is also plain that in many cases a transgression of the boundaries of his jurisdiction by a judge will impose upon him a liability to an action in favor of the person who has been injured by such excess. If a magistrate should, of his own motion, without oath or

complaint being made to him, on mere hearsay, issue a warrant and cause an arrest for an alleged larceny, it cannot be doubted that the person so illegally imprisoned could seek redress by a suit against such officer. It would be no legal answer for the magistrate to assert that he had a general cognizance over criminal offenses; for the conclusive reply would be that this particular case was not, by any form of proceeding, put under his authority.''

4. It is well established that he who, maliciously and without probable cause, procures an officer to issue a search-warrant is liable for the damages thereby sustained: *Nally* v. *Richmond,* 105 Or. 462 (209 Pac. 871); Cornelius on Search and Seizure, § 328, and cases in notes thereto.

5. It is averred that defendants as joint tort-feasors conspired to injure plaintiff as heretofore stated. If this be true each is responsible for the act of the other in consummation of the common design. It is in the nature of a partnership. Both are liable for the acts of either in the scope of the joint enterprise.

6. It is immaterial, so far as the liability of defendants is concerned, that the city marshal served the warrant beyond his jurisdiction. What if he had served the warrant within the corporate limits of the city? Would defendants by reason thereof be relieved of liability? Defendants by their alleged tortious act started the machinery of the law in motion and must abide by the result. If A wrongfully and maliciously rolls a rock down a mountainside for the purpose of injuring B, but misses him, and unintentionally strikes C, will A be heard to say that he should not respond in damages to C?

Respondent directs our attention to *Watts* v. *Gerking et al.,* 111 Or. 641 (228 Pac. 135, 34 A. L. R. 1489), as contrary to the conclusion here reached, but we

think such contention is untenable. In that case a complaint was filed charging the plaintiff therein with the commission of a crime and the district attorney, who is a *quasi*-judicial officer, was required in the light of the majority opinion of this court to exercise his discretion in the prosecution of such proceeding and was, therefore, not subject to civil liability. The facts in the Watts case are materially different from the one under consideration, although the authorities therein cited are instructive relative to the legal principles here involved.

7. It is argued that an affidavit was on file prior to the issuance of the search-warrant herein, but we answer such does not appear from the complaint. We are concerned with a pleading and not evidence. If on trial it is established that an affidavit was in fact filed as aforesaid, defendant Fortner could not be held liable, for in that event there would be a colorable invocation of his authority. He would be called upon to act judicially and, even though actuated with malice, would be immune from liability. Under such circumstances it would be an erroneous exercise of jurisdiction.

8, 9. Moon, who is alleged to have procured the issuance of such warrant, would be liable regardless of Fortner's status, if it were established as alleged that he acted maliciously and without probable cause, and there has been an abandonment of the proceedings. An abandonment of such a proceeding so far as plaintiff's right to prevail is concerned, is equivalent to a successful termination thereof.

*Nally* v. *Richmond, supra,* does not preclude a recovery. That case was submitted under a peculiar state of pleadings. No conspiracy was charged and the justice of the peace who issued the search-warrant was not a party. It is true that it was there

said: "A criminal proceeding must have been commenced," and there was none on account of the failure of the defendant therein to do anything to authorize the exercise of jurisdiction by the justice of the peace. It was not there held that a criminal proceeding must have been regularly instituted before an action for malicious prosecution could be predicated thereon.

The liability in the instant case as it pertains to the justice of the peace is based on the total absence of jurisdiction.

We think the complaint herein states a cause of action against both defendants. The judgment of the lower court in dismissing this action for failure to plead further is reversed, and the cause is remanded with directions to fix a time within which defendants are required to answer.

REVERSED AND REMANDED WITH DIRECTIONS.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.