The plaintiff in this action is a citizen of the State of North Carolina, and a resident of Hendersonville Township, in Henderson County in said State; the defendant is a nonresident of the State of North Carolina, but owns and maintains a summer home in Hendersonville Township, which adjoins the home of the plaintiff.
In his complaint in this action, the plaintiff alleges:
"4. That the defendant, contriving and maliciously intending to injure said plaintiff in his good name, fame and credit, and in utter disregard of the consequences of his act, and maliciously intending to bring the plaintiff into public scandal, infamy and disgrace and to impoverish, oppress and ruin him, the plaintiff, heretofore, to wit, on 20 December, 1933, without any probable cause whatever, charged him, *Page 353 
the said plaintiff, before W. P. Whitmire, justice of the peace, within and for Hendersonville Township, said county and State, with feloniously stealing or concealing upon the premises of the plaintiff, situate in Hendersonville Township, certain stolen personal property, to wit: One sewing machine, day bed and linen, mattress and pad, one lot of silver, one clock, etc., and with having said stolen articles concealed on the premises of the plaintiff, and that the said defendant maliciously and without probable cause, procured said justice to grant a warrant to search the house and premises of the plaintiff, and that said justice issued said warrant accordingly, and that the said issuance of the search warrant was obtained after the said justice had commented that he was greatly surprised to hear of such charge against Bob Pressly, the plaintiff herein, and after due caution by the justice to the defendant that the said plaintiff was a man of excellent and high standing, and due caution from the said justice that defendant should be very careful in such undertaking, and after the said defendant had inquired of the said justice the consequences of said action upon his, the defendant's, part, in the event no stolen goods were found upon the premises of the said plaintiff; and after the said defendant had made efforts through the police officers of the city of Hendersonville to obtain a similar warrant, and had been refused such warrant and had been told by the police officers that said Pressly was a man of the highest standing in the community and could not be reasonably suspected of such felony or other violation of the law; that, as plaintiff is advised and believes, defendant had been informed by telegram or otherwise at Miami, Fla., that some of the articles of personal property in his residence here had been removed, and that defendant arrived in Hendersonville, in aforesaid State and county, on 20 December, 1933, and without other cause than his own maliciousness against the plaintiff, and his malicious disposition to do the plaintiff harm and injury, as hereinafter alleged, and in utter disregard of the consequences to the plaintiff of his, the defendant's, act, procured the issuance of the aforesaid search warrant."
"5. That said search warrant, when it had been procured by the defendant, as aforesaid, was delivered by the aforesaid justice into the possession of Zeb Corn, deputy sheriff, of the aforesaid State and county, and Seth Edmondson, police officer of the city of Hendersonville, for execution; that the aforesaid officers immediately came to the place of business of McIntyre Plumbing and Heating Company in Hendersonville, where plaintiff is employed as a plumbing and heating expert, and advised plaintiff of the action taken against him by defendant, whereupon plaintiff immediately departed his place of business, with the officers, and went to plaintiff's home, in Hendersonville, where the defendant was waiting, and that thereupon, and in the presence of *Page 354 
plaintiff's wife, and some of the plaintiff's neighbors, who were at that time visiting plaintiff's wife at his home, plaintiff's house was searched by the aforesaid officers, and in the presence of defendant, and one other person who was with the defendant at the time, whose identity is not exactly known to plaintiff, but who was, as plaintiff is now advised and believes, a friend and attorney of the defendant, who had accompanied the defendant from Miami to Hendersonville; that the home of plaintiff was completely searched by the aforesaid officers, from top to bottom, they having examined beds and other articles for the discovery of any alleged stolen property belonging to the defendant, in the presence of the defendant."
"6. That after said diligent search had been made, and none of the goods searched for found, said Zeb Corn, deputy sheriff, as aforesaid, the defendant, the defendant's friend and attorney, and the aforesaid Seth Edmondson, departed from plaintiff's premises, but before doing so, plaintiff asked the defendant if he was satisfied and through, and the defendant replied that he was; that thereupon the said complaint and search warrant, copy of which is hereto attached, marked Exhibit A, and prayed to be made a part and parcel of this paragraph of the complaint, was duly returned by Zeb Corn, deputy sheriff, as aforesaid, to W. P. Whitmire, justice of the peace, as aforesaid, duly endorsed in words and figures as follows:
"20 December, 1933, due search made and no property found — Zeb Corn, D. S.; that no property belonging to the defendant was found upon the premises of the plaintiff, nor has any such property ever been in the possession of the plaintiff."
"7. That since the return of the aforesaid complaint and search warrant endorsed by Zeb Corn, deputy sheriff, as aforesaid, the defendant has not further prosecuted plaintiff, and as plaintiff is advised and believes, has abandoned said prosecution, and has in nowise made reparation for the colossal injury done plaintiff thereby."
The plaintiff further alleges that as the direct and proximate result of the wrongful and malicious acts of the defendant as alleged in the complaint, he has suffered actual damages in the sum of $10,000, and is entitled to recover of the defendant punitive damages in the sum of $10,000. He prays judgment that he recover of the defendant the sum of $10,000, as actual, and the sum of $10,000, as punitive damages.
Attached to and forming a part of the complaint is a copy of the affidavit signed by the defendant, on which the search warrant was issued by the justice of the peace.
In apt time, the defendant demurred to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action. The demurrer was overruled, and the defendant excepted and appealed to the Supreme Court. *Page 355 
The facts alleged in the complaint in this action are sufficient to constitute a cause of action for malicious prosecution in which the plaintiff is entitled to recover of the defendant damages, both actual and punitive. 56 C.J., 1255, 24 R.C.L, 727. See Shaw v. Moon (Or.),245 P. 318, 45 A.L.R., 600. There is no error in the order overruling the demurrer. It is
Affirmed.