Argued and submitted March 25, affirmed July 3, 2002

# PORTLAND TRAILER & EQUIPMENT, INC.,
an Oregon corporation;
and Tom Beason,
*Appellants,*

*v.*

# A-1 FREEMAN MOVING & STORAGE, INC.,
an Oklahoma corporation;
and Rob F. Robertson,
*Respondents.*

9805-03819; A113256

49 P3d 803

Frances Baker argued the cause for appellants. On the brief were Roger A. Lenneberg and Sussman Shank LLP.

David C. Landis argued the cause and filed the brief for respondent Rob F. Robertson.

No appearance for respondent A-1 Freeman Moving & Storage, Inc.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

**BREWER, J.**

Plaintiffs, Portland Trailer & Equipment, Inc. and Tom Beason (collectively, Portland Trailer), appeal from the trial court's grant of summary judgment in favor of defendants, A-1 Freeman Moving & Storage, Inc. (Freeman), and Rob Robertson on Portland Trailer's claim for wrongful initiation of a civil proceeding.[1] Portland Trailer contends that the trial court erred in determining that the underlying action—which was dismissed without prejudice—was not terminated in Portland Trailer's favor. We review to determine whether defendants were entitled to judgment as a matter of law. ORCP 47 C; *Volt Services Group v. Adecco Employment Services*, 178 Or App 121, 125, 35 P3d 329 (2001), *rev den* 333 Or 567 (2002). We affirm.

On November 21, 1995, Freeman, represented by its attorney, Robertson, filed a civil action (the underlying action) in United States District Court for the Western District of Oklahoma against five defendants, including Portland Trailer. On February 13, 1997, pursuant to a local court rule, the court in the underlying action ordered the parties to participate in mandatory arbitration. On May 23, the arbitrator entered an award in favor of Portland Trailer and against Freeman.[2] On June 23, Freeman filed a demand for a trial *de novo* on its claims against Portland Trailer and, pursuant to local court rules, the arbitration award was sealed. On September 12, Freeman filed a motion to dismiss its claims against Portland Trailer without prejudice, subject to a proposed condition for payment of costs if Freeman subsequently commenced a second action against Portland Trailer on the dismissed claims.

On September 24, the court in the underlying action entered the following order:

---

[1] Wrongful initiation of a civil proceeding is the civil counterpart to an action for malicious prosecution arising out of a criminal proceeding. *Kelly v. McBarron*, 258 Or 149, 153, 482 P2d 187 (1971). Because the two causes of action are so similar, authorities often use the terms and their legal analyses interchangeably. *Checkley v. Boyd*, 170 Or App 721, 736, 14 P3d 81 (2000), *rev den* 330 Or 239 (2001).

[2] The arbitrator also entered an award in favor of Freeman against two of the other named defendants in the underlying action.

"(3) [The Court] GRANTS [Freeman's] Motion to Dismiss filed on September 12, 1997, and DISMISSES all claims filed by [Freeman] against [Portland Trailer] subject to the conditions

"(a) that such dismissal is without prejudice;

"(b) that each party shall bear its own attorney's fees to the extent such fees were incurred in connection with [Freeman's] claims against Portland Trailer * * *;

"(c) that should [Freeman] refile any of the claims set forth in the first amended complaint against Portland Trailer, * * * [Freeman] shall pay, as a prerequisite to litigating any such claim against a defendant, all reasonable attorney's fees incurred by that defendant in the instant litigation; and

"(d) that [Freeman] shall pay pursuant to [FRCP 54(d)(1)], and title 28, section 1920 of the United States Code all costs incurred by Portland Trailer * * * in defending this action, *e.g.*, *Cantrell v. International Brotherhood of Electrical Workers*, 69 F3d 456 (10th Cir 1995)[.]" (Footnotes omitted.)

Pursuant to paragraph (d) of that order, Freeman tendered to Portland Trailer payment of the latter's costs associated with defending against the underlying action. There is no evidence in the record that Freeman has refiled its claims against Portland Trailer.

In 1998, Portland Trailer filed this action for wrongful initiation of a civil proceeding against Freeman and Robertson. The trial court granted Freeman's and Robertson's motions to dismiss for lack of personal jurisdiction. Portland Trailer appealed, and we reversed and remanded. *Portland Trailer & Equipment v. A-1 Freeman Moving*, 166 Or App 651, 5 P3d 604, *modified on recons* 168 Or App 654, 4 P3d 741 (2000). On remand, all parties moved for summary judgment. The only issue before the trial court on summary judgment was whether the underlying action was terminated in favor of Portland Trailer. The trial court granted Freeman's and Robertson's motions for summary judgment "on the ground that the pleadings, exhibits and affidavits on file show that as a matter of law the underlying

action was not terminated in [Portland Trailer's] favor." This appeal followed.

On appeal, Portland Trailer argues that, regardless of whether the parties' dispute is governed by Oregon or Oklahoma law, the circumstances demonstrate that the underlying action terminated in its favor, because either (1) it prevailed in arbitration, or (2) the dismissal order awarded it costs and imposed conditions on Freeman's ability to refile its claims, thereby changing the positions of the parties from those they previously occupied. Robertson[3] responds that the dismissal of the underlying action was not a termination favorable to Portland Trailer under either Oregon or Oklahoma law but, if the court holds that there is a conflict between the laws of the two forums, Oklahoma law should apply. Robertson further responds that the fact that Portland Trailer prevailed in arbitration is of no significance because the arbitration award remains sealed and without effect, and the award of costs and the imposition of refiling conditions in the dismissal order do not constitute a termination favorable to Portland Trailer.

Under Oregon law, the elements of a claim for wrongful initiation of a civil proceeding are:

"(1)   The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

"(2)   The termination of the proceeding in the plaintiff's favor;

"(3)   The absence of probable cause to prosecute the action;

"(4)   The existence of malice or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

"(5)   Damages." *Alvarez v. Retail Credit Ass'n*, 234 Or 255, 259-60, 381 P2d 499 (1963) (citations omitted).

*See also Wroten v. Lenske*, 114 Or App 305, 308, 835 P2d 931, *rev den* 314 Or 574 (1992). The requirement that the underlying proceeding was terminated in the plaintiff's favor is an element of a wrongful initiation of civil proceedings action

---

[3] Freeman has not appeared on appeal.

under Oklahoma law as well. *Glasgow v. Fox*, 757 P2d 836, 838 (Okla 1988).

The only question before us is whether the underlying action was terminated in Portland Trailer's favor as a matter of law. Because the answer to that question may depend on whether we apply Oklahoma or Oregon law, we first determine which forum's substantive law applies. At the first step of analysis, we determine whether there is a material difference between Oregon substantive law and the law of Oklahoma. If there is no material difference, there is a "false conflict," and Oregon law governs. *Erwin v. Thomas*, 264 Or 454, 457-62, 506 P2d 494 (1973); *Angelini v. Delaney*, 156 Or App 293, 300, 966 P2d 223 (1998), *rev den* 328 Or 594 (1999).

Controlling decisional authority clearly establishes that Portland Trailer was not a prevailing party in the underlying action under Oklahoma law, because that action was dismissed without prejudice.

> "For there to be a prevailing party in an action requires that the underlying proceeding *not* have been dismissed *without* prejudice. *Dismissal without prejudice is not a termination favorable to the malicious-prosecution plaintiff.* To hold differently would be to countenance the possibility of countervailing results arising from the same action." *Greenberg v. Wolfberg*, 890 P2d 895, 904 (Okla 1995) (some emphasis added; some emphasis in original).

Despite the holding in *Greenberg*, Portland Trailer argues that it was the prevailing party under Oklahoma law because, although Freeman could refile its claim in a successive action, conditions were placed upon refiling that made it unlikely that Freeman would do so. According to Portland Trailer, Freeman was not in the same position it occupied before it filed the initial action because, as a condition of the dismissal, Freeman would have to pay Portland Trailer's attorney fees before refiling. That reasoning, however, ignores the rationale of *Greenberg*: a dismissal without prejudice is not a termination in favor of the defendant because, if it were, it would leave open the possibility of inconsistent results should the plaintiff prevail in a successive action on the same claim. Here, conditions notwithstanding, Freeman

retained the right to refile its claim against Portland Trailer, and there remains the possibility that Freeman could prevail on that claim in another action. Accordingly, the underlying action was not terminated in Portland Trailer's favor under Oklahoma law.

Oregon law follows a different rule under which the circumstances surrounding a voluntary dismissal dictate whether the underlying action terminated in favor of the defendant. Several decisions illustrate the rule.

In *Rose (Betty), v. Whitbeck*, 277 Or 791, 562 P2d 188, *modified on other grounds* 278 Or 463, 564 P2d 671 (1977), the plaintiff sued the defendants for malicious prosecution after a criminal indictment, instigated by the defendants, was dismissed by the prosecutor. The indictment had charged the plaintiff with forgery in obtaining title to her deceased father's automobile. Before his death, the plaintiff's father had given the car to the plaintiff and had asked the plaintiff to sign his deceased wife's name to the title to effectuate the transfer. The defendants—siblings and inlaws of the plaintiff—requested that law enforcement officials investigate the transfer of title of the vehicle. As a result of that investigation, the plaintiff was indicted for forgery. After the indictment was filed, but before trial, the probate court administering the plaintiff's father's estate determined that the vehicle was a gift to the plaintiff. In view of that adverse determination of an "issue critical to the state's case against [the plaintiff], the district attorney moved that the indictment against [her] be dismissed." *Id.* at 794. The plaintiff then filed an action against the defendants for malicious prosecution, and a judgment was entered on a jury verdict in favor of the plaintiff. *Id.* at 793. On appeal, the Supreme Court concluded that the trial court did not err in denying a motion for directed verdict, because the prosecutor's voluntary dismissal of the indictment constituted sufficient evidence to support the jury's finding that the underlying criminal action terminated in the plaintiff's favor. The court explained:

"Dismissal of an indictment at the request of the district attorney is generally sufficient to satisfy the requirement that the criminal proceeding has terminated in the favor of

the plaintiff. *Gumm v. Heider*, 220 Or 5, 25, 348 P2d 455 (1960); 3 Restatement of Torts § 659 (1938). An exception is made, however, where the dismissal was pursuant to an agreement of compromise by the plaintiff. *Gowin v. Heider*, 237 Or 266, 279, 386 P2d 1, 391 P2d 630 (1964); 3 Restatement of Torts § 660 (1938). In such cases the dismissal is not indicative of innocence." *Id.* at 798-99.

*Gumm*, cited with approval in *Rose*, also is instructive. In *Gumm*, the plaintiff brought an action for malicious prosecution against the defendant who had sworn out a criminal information that charged the plaintiff with issuing a fraudulent check. 220 Or at 14. The plaintiff was never indicted for the offense, however, and after the passage of one year he successfully moved for the prosecution to be dismissed based on ORS 134.110 (1955).[4] The district attorney "indicated clearly that he approved the order of dismissal. * * * The district attorney obviously was of the opinion that the facts did not justify an indictment." *Id.* at 24. The plaintiff filed the malicious prosecution action five days later. The defendant demurred to the complaint, arguing that the plaintiff had failed to allege adequately that the underlying criminal prosecution was terminated in his favor. *Id.* at 20. The court overruled the demurrer. The plaintiff prevailed at trial, and the defendant appealed, assigning error to the overruling of his demurrer and to the denial of his motion for directed verdict on the same ground.

In discussing the favorable termination requirement, the Supreme Court said:

"A termination of the prosecution favorable to the accused is essential to recovery by the plaintiff in an action for malicious prosecution. If such termination is indicative of the innocence of the defendant, it is immaterial that a new prosecution might have been commenced provided it was not in fact commenced before the trial of the civil action." *Id.* at 21 (citation omitted).

[4] *Former* ORS 134.110 (1955), *renumbered as* ORS 135.745 (1973), provided:

"When a person has been held to answer for a crime, if an indictment is not found against him at the next term of the court at which he is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

The court concluded that there are two rules applicable to the favorable termination requirement:

> "The first one is that where a criminal proceeding has been terminated in favor of the accused by judicial action * * * in any way involving the merits or propriety of the proceeding or by a dismissal or discontinuance based on some act chargeable to the complainant as his consent or his withdrawal or abandonment of his prosecution, a foundation in this respect has been laid for an action of malicious prosecution. The other and reverse rule is that where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties or solely by the procurement of the accused as a matter of favor or as the result of some act, trick, or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action." *Id.* at 23-24.

Applying those rules, the court in *Gumm* observed that "it [was] undisputed that the district attorney had abandoned the prosecution," *id.* at 25, and "was of the opinion that the facts did not justify the indictment." *Id.* at 24. The court concluded that, because there was sufficient evidence for the jury to find that the dismissal was "indicative of the innocence" of the plaintiff and, therefore, was based on the merits of the underlying action, the trial court did not err in denying the defendant's motion for a directed verdict.

*Shaw v. Moon et al.*, 117 Or 558, 245 P 318 (1926), was an action for malicious prosecution brought against a justice of the peace and the person who procured the issuance of a search warrant against the plaintiff. According to the complaint, upon the execution of the warrant, the plaintiff's property was seized and held by the district attorney's office. *Id.* at 560-61. The complaint further alleged that the district attorney had failed to take further action on the matter despite the passage of a significant period of time. *Id.* at 561. The trial court granted the defendant's motion to dismiss the complaint for failure to state a claim for malicious prosecution. The Supreme Court reversed, concluding that the plaintiff's complaint was sufficient to state a claim. Although the question of whether the underlying prosecution terminated in favor of the plaintiff was not before the court, it stated, in

*dictum*, that "[a]n abandonment of such a proceeding so far as plaintiff's right to prevail is concerned, is equivalent to a successful termination thereof." *Id.* at 565. The court in *Shaw* held that the complaint was sufficient to withstand a motion to dismiss for failure to state a claim, even though there was no allegation that the abandonment of the prosecution would preclude a later prosecution of the plaintiff on the same charge.

*Parks v. Willis*, 121 Or App 72, 853 P2d 1336 (1993), a wrongful initiation of civil proceedings action, also informs our analysis. In *Parks*, the plaintiff appealed from a judgment dismissing the action on the ground that the complaint failed to state a claim for relief. *See* ORCP 21 A(8). The complaint did not specifically allege that the underlying action had been successfully terminated in the plaintiff's favor; instead, it alleged that the underlying action was dismissed on stipulation but did not specify whether the dismissal was with, or without, prejudice. On appeal we held, as the court did in *Shaw*, that the allegation was sufficient to state a claim, despite the plaintiff's failure to specify the nature of the dismissal.

■ The theme that unites the described cases is that, in Oregon, the voluntary dismissal of an underlying action before a trial on the merits is favorable to the defendant if it reflects adversely on the merits of the underlying action.[5] That determination does not necessarily depend on whether the dismissal was with, or without, prejudice. Instead, it requires an examination of the circumstances resulting in the termination. Such a fact-specific approach is consistent with the *Restatement (Second) of Torts* § 674 (1977).[6] Comment j to section 674 explains:

---

[5] Relying on *Shaw*, Portland Trailer asserts that the reason for Freeman's dismissal of the underlying action is unimportant; it only matters that it abandoned its claims. We disagree for two reasons. First, as the later decisions in *Gumm* and *Rose* make clear, a voluntary dismissal constitutes a favorable termination only if it reflects on the merits of the underlying claim. The *dictum* in *Shaw* did not capture that caveat. Second, it is unclear from the published decision in *Shaw* exactly what had been "abandoned." The criminal prosecution may have been dismissed because, as in *Gumm* and *Rose*, the prosecutor had determined that the charge lacked merit. At the pleading stage, the issue simply had not been tested by the evidence.

[6] Section 674 provides:

"Civil proceedings may be terminated in favor of the person against whom they are brought under the rule stated in Clause (b), by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them. * * *

"Whether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought and whether the withdrawal is evidence of a lack of probable cause for their initiation, depends upon the circumstances under which the proceedings are withdrawn."

If the action was voluntarily terminated by the plaintiff, a finder of fact might determine that the termination was an admission that the claim lacked merit. However, the abandonment also might reflect financial impecunity or a determination that the potential recovery did not justify the cost of litigation. Because any number of factual explanations might be at the root of a voluntary dismissal, the question often is not well-suited for resolution on a summary judgment record. That is the case here.

■       Unlike in *Rose* or *Gumm*, there is no evidence explaining why Freeman dismissed the underlying action. Portland Trailer alleges that the arbitration award constitutes evidence that the underlying action was dismissed because Freeman did not have a meritorious claim. However, under local court rules, the arbitration award was sealed and the underlying action was to be "treated for all purposes as if

---

"One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if

"(a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and

"(b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought."

Although section 674 is not binding on us, Oregon courts have long considered it, along with its comments, to be an instructive authority in this area. *See, e.g., Rose*, 277 Or at 798-99 (applying a previous version of the *Restatement of Torts* in analyzing a malicious prosecution action); *Wroten*, 114 Or App at 309 (applying *Restatement (Second) of Torts*, including comments, to an action for wrongful initiation of a civil proceeding).

it had not been referred to arbitration." *See* 28 USC § 657(b). The award therefore retained no legal effect. As it now stands, the factual record is devoid of any suggestion as to why Freeman sought to dismiss the underlying action or that it will not relitigate its claim.

Furthermore, there is no evidence concerning the reasons that the court imposed conditions on refiling in its dismissal order or the extent to which those conditions might deter Freeman from refiling its claims. Specifically, the record does not quantify the price tag for refiling, namely, the amount of attorney fees incurred by Portland Trailer in the underlying action. The answers to those questions may reflect adversely on the merits of Freeman's claims or, conversely, they may reflect other considerations. In short, genuine issues of material fact prevent us from determining whether either party would be entitled to prevail, as a matter of Oregon law, on the issue of favorable termination. The parties' contrary belief, reflected by their cross-motions for summary judgment, is not enough to permit us to decide the issues of fact necessary to resolve that question. *McKee v. Gilbert*, 62 Or App 310, 320, 661 P2d 97 (1983).

■   Because Oregon's favorable-termination rule differs from Oklahoma's and because that difference would produce a different outcome in this appeal,[7] a sufficient conflict of laws exists to proceed to the next step of that analysis. Oregon has adopted the choice of law rules of *Restatement (Second) of Conflicts* § 6 (1971) and the "most significant relationship" test for tort choice of law set forth in section 145. *Erwin*, 264 Or at 456 n 2. Section 6 provides, in part:

"(2)   * * * the factors relevant to the choice of the applicable rule of law include

"(a)   the needs of the interstate and international systems,

"(b)   the relevant policies of the forum,

---

[7] Specifically, if Oklahoma law applies, the trial court properly entered summary judgment in favor of Robertson. However, if Oregon law applies, summary judgment would not be appropriate, and the proper disposition would be reversal and remand of the case for trial.

"(c)   the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

"(d)   the protection of justified expectations,

"(e)   the basic policies underlying the particular field of law,

"(f)   certainty, predictability and uniformity of result, and

"(g)   ease in the determination and application of the law to be applied."

Section 145(2) identifies the contacts to be taken into account when applying the factors in section 6:

"(a)   the place where the injury occurred,

"(b)   the place where the conduct causing the injury occurred,

"(c)   the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and

"(d)   the place where the relationship, if any, between the parties is centered." *Restatement (Second) of Conflicts* § 145(2) (1971).

Although not formally adopted by the Oregon Supreme Court, the *Restatement* sets forth a conflicts rule embodying the foregoing principles that is specifically applicable to malicious prosecution and civil abuse of process cases. *Restatement (Second) of Conflicts* § 155 (1971) provides:

"The rights and liabilities of the parties for malicious prosecution or abuse of process are determined by the local law of the state where the proceeding complained of occurred, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied."

That rule is grounded in a sound rationale. The forum in which the underlying action was litigated has an especially strong interest in enforcing its policies respecting the proper use of its legal processes. Although Oregon undoubtedly has

an interest in protecting its residents from being subjected to wrongfully prosecuted actions in other states, in the absence of other controlling factors that interest logically is subordinate to the interest of Oklahoma in regulating the use of its process and in determining when its judicial system is maliciously used.[8] There are no factors under section 6 that might dictate a contrary result here. For example, the underlying action did not exclusively involve as parties Oregon residents who found themselves, through mere fortuity, litigating in the Oklahoma courts. Robertson is an Oklahoma attorney and Freeman is an Oklahoma corporation.

We conclude that, under the circumstances here, Oklahoma has the more significant relationship, because it is the forum in which the underlying litigation occurred.[9] Accordingly, we apply the Oklahoma rule providing that a dismissal without prejudice does not constitute a termination favorable to the defendant in the underlying action. Because the dismissal of the underlying action was not a termination favorable to Portland Trailer, the trial court did not err in granting summary judgment to Freeman and Robertson.

Affirmed.

---

[8] Our review of the law in other jurisdictions discloses consistent agreement with this principle. *See, e.g., In re American Continental Lincoln S&L Sec. Lit.*, 845 F Supp 1377, 1383-85 (D Az 1993) (applying *Restatement (Second) of Conflicts* section 155 in interstate commercial litigation to determine that the substantive malicious prosecution law of forum state in underlying litigation governs, although none of the parties was a resident of, or domiciled, in that state); *Denenberg v. Am. Family Corp. of Columbus, Ga.*, 566 F Supp 1242, 1247-49 (ED Pa 1983) (where underlying action was litigated in New York and malicious prosecution action was brought in Pennsylvania, New York had the greater interest "in regulating the use of its process and in determining when its judicial system is maliciously used, especially if one of the defendants is an attorney licensed to practice there").

[9] The fact that the underlying action was litigated in Oklahoma's federal court does not alter the analysis. The substantive law of Oklahoma governs the wrongful initiation of civil actions in that state's federal courts where the court's jurisdiction is based on diversity of citizenship. *See Lothschuetz v. Carpenter*, 898 F2d 1200, 1203 (6th Cir 1990) (applying District of Columbia malicious prosecution law where the defendants' conduct occurred before federal agencies in Washington, D.C.).