THE STATE, EX REL. GEORGE W. ROGERS, v. THE TOWNSHIP COMMITTEE OF NEPTUNE, IN THE COUNTY OF MONMOUTH.

1. To entitle the owner of swine, which have been injured by dogs, to a *mandamus* against the town committee, under the act of March 29th, 1866 (*Rev.*, *p.* 19), it must appear that the town committee has or might have had the requisite fund to pay the relator's claim.

2. The town committee for the year 1890 are not charged with the duty of paying damages for the year 1886; the fund for that purpose does not go into their hands.

.3. The committee for the year 1886 were trustees of the fund, if they received it, and were the agents of the law, and not of the people of the township. The people of the township are not responsible for its misappropriation.

On application for *mandamus.*

Argued at February Term, 1890, before Justices DEPUE, VAN SYCKEL and GARRISON.

For the relator, *R. S. Bartine.*

For the defendant, *Samuel A. Patterson.*

The opinion of the court was delivered by

VAN SYCKEL, J.  On the 25th day of March, 1886, a rule was granted by this court, that the township committee of the township of Neptune, in the county of Monmouth, do show cause why a writ of *mandamus* should not issue commanding the said committee to pay over forthwith all money due to George W. Rogers, agreeably to the provisions of an act entitled "An act for the preservation of sheep," approved April 14th, 1846, and the supplement thereto, approved March 29th, 1866. *Rev., p.* 19, *pl.* 29.  The names of those who constituted the township committee for the year 1886 are not mentioned in the rule, nor do they appear in the proceedings.

The act of March 24th, 1852, requires the person who has sustained damage by dogs to have it appraised according to the act of April 14th, 1846, and to present the certificate of appraisement to the township committee on the first Monday of September in each and every year, and the committee, after having received said bills up to that day, shall consider their amount as the amount of damage done for that year to be assessed on the number of dogs in said township as returned by the assessor.

The town committee, after having ascertained the amount of damage done and the number of dogs, are authorized to levy such amount of tax on each and every owner of a dog as shall be sufficient to pay the whole amount of damage done to

sheep in the township, together with the costs of assessing and collecting.

The said tax is to be collected by the township collector. *Rev.*, *p.* 18, *pl.* 21, 22, 23.

To entitle relator to the mandatory writ, it must appear that the town committee had the requisite fund to pay the relator's claim.

So far as the case shows, no default appears on the part of the town committee.

It is not shown that the committee failed to make the proper assessment and to enter it in the duplicate.

It is not shown that the collector succeeded in collecting the tax or any part of it, or that the committee ever received the fund to be appropriated to this object.

The application for a *mandamus* is against the township committee of Neptune, and not against the individuals who composed that committee in 1886.

The present committee are not charged with the duty of paying damages for the year 1886 ; the fund for that purpose did not come into their hands.

The town committee for the year 1886 were trustees of the fund, if they received it, and were the agents of the law, and not of the people of the township. The fund out of which the relator claims remuneration was to be raised, not by general tax on the people of the township, but only on the owners of dogs. For misappropriation of the fund, or for the refusal to appropriate it according to law, the township is not responsible. The relator must look to the individuals who have received it, and not to their successors in office. *The Inhabitants of Washington* v. *Applegate,* 2 *Zab.* 42.

The *mandamus* is refused, with costs.