Submitted on briefs March 3, reversed March 9, 1915.

## THEILER *v.* TILLAMOOK COUNTY.*

(146 Pac. 828.)

**Counties—Liability for Tort—Statutes—Constitutional Provisions.**

1. Under Section 2861, L. O. L., subjecting a county to suit on account of any matters arising out of its corporate obligations, whether arising in contract or otherwise, and authorizing each county to make all necessary contracts, and to do all other necessary acts in relation to the property and concerns of the county, and Section 937, L. O. L., authorizing the County Court to establish county roads and to provide for the erection and repair of bridges on any highway, plaintiff had a cause of action for damage to his land by diversion and overflow of a stream caused by the defendant county building a bridge and culvert, in spite of Section 358, L. O. L., providing that actions may be maintained against counties only on contracts by such county in its corporate character, since Article I, Section 10 of the Constitution, providing that every man shall have remedy by due course of law for injury to his person, property, or reputation, perpetuated in citizens' rights existing at the time of its adoption, which was prior to the enactment of Section 358.

**Counties—Liability for Tort.**

2. Though a purely municipal corporation does not sustain to one damaged by its negligence the relation of a *quasi* public corporation, nevertheless a county is liable in damages, as for a trespass on private property, when the act amounts to a taking or destruction of any part of the premises without condemnation.

[As to liability of municipal corporations for torts not sanctioned by other charters, see note in 34 Am. St. Rep. 25.]

*The authorities on the question of the liability of a county for injuries to real property from public improvements are gathered in a note in 39 L. R. A. 63.

The authorities passing upon the liabilities of counties for torts are reviewed in a note in 39 L. R. A. 33.                    REPORTER.

From Tillamook: WEBSTER HOLMES, Judge.

Department 1.   Statement PER CURIAM.

This is an action by John Theiler against Tillamook County.

The complaint substantially charges that the defendant is a duly organized county; that the plaintiff is the owner therein of 30 acres of land upon and along the east side of which the defendant maintains a county road; that such highway crosses a creek which flows westerly through the plaintiff's premises in a well-defined channel that was sufficient to carry off all the water in that stream without injury to his land; that without the plaintiff's consent the defendant about September 30, 1912, constructed, and since that time has continuously maintained upon such highway, a fill, a bridge and a culvert, thereby changing the ancient course of the creek through such land into a higher channel of less depth and capacity, whereby the water in the stream has at various times flowed over and upon the plaintiff's premises, destroying the trees, shrubs and grass growing thereon, and washing away the soil, to his damage in the sum of $1,000, for which judgment was demanded.

The answer controverted the material allegations of the complaint; and, the cause being tried, the court, after the evidence had been received, directed the jury to find for the defendant, on the ground that the complaint did not state facts sufficient to constitute a cause of action.   A judgment having been rendered on the verdict, the plaintiff appeals.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                              REVERSED.

For appellant there was a brief submitted by *Mr. Sidney S. Johnson.*

For respondent there was a brief by *Mr. M. J. Gersoni.*

Opinion PER CURIAM.

1. The action of the trial court was evidently based upon Section 358, L. O. L., which, so far as important to a consideration of the question here involved, reads:

"An action may be maintained against any of the organized counties of this state upon a contract made by such county in its corporate character, and within the scope of its authority, and not otherwise."

Mr. Chief Justice THAYER, in *Grant County* v. *Lake County,* 17 Or. 453, 460 (21 Pac. 447, 449), in referring to a change in the statute whereby the words "and not otherwise" were added and thus became a part of the language quoted, and also alluding to another clause of the statute said:

"In any event, the said amendment must be construed in connection with said Section 2239 (now incorporated as Section 2861, L. O. L.) of the Miscellaneous Laws, which subjects a county to a suit on account of any matters arising out of its corporate obligations, whether created by contract or otherwise."

Section 2861, L. O. L., authorizes each county in the state "to make all necessary contracts, and to do all other necessary acts in relation to the property and concerns of the county." In the transactions of county business, the County Court is empowered to establish county roads within the county, to do other necessary acts in relation thereto, and to provide for the erection and repairing, within the county, of public bridges upon any highway: Section 937, Subds. 3, 4, L. O. L.

The authority thus conferred is amplified by Section 6278, L. O. L.

It will be seen that dominion over all public roads and bridges is vested by these provisions of the statute in the County Court, in the exercise of which power, it is alleged in the complaint, the plaintiff's real property was damaged.   The organic law contains a guaranty as follows:

"Every man shall have remedy by due course of law for injury done him in his person, property, or reputation": Article I, Section 10, of the Constitution.

In *Eastman* v. *Clackamas County* (C. C.), 32 Fed. 24, 32, Judge DEADY, in alluding to Section 358 of our statute, when construed in connection with the clause of the Constitution referred to, and in commenting upon such organic provision, observes:

"Whatever injury the law, as it then stood, took cognizance of and furnished a remedy for, every man shall continue to have a remedy for by due course of law.   When this Constitution was formed and adopted, it was and had been the law of the land, from comparatively an early day, that a person should have an action for damages against a county for an injury caused by its act or omission.   If this then known and accustomed remedy can be taken away in the face of this constitutional provision, what other may not? Can the legislature, in some spasm of novel opinion, take away every man's remedy for slander, assault and battery, or the recovery of a debt? and, if it cannot do so in such cases, why can it in this?

In *Templeton* v. *Linn County,* 22 Or. 313 (29 Pac. 795, 15 L. R. A. 730), Section 358, L. O. L., was again considered, and it was held that the enactment was a valid exercise of the legislative power exempting the county from an action for damages resulting from an

injury caused by failure to repair a public bridge. The vigorous dissenting opinion in that case of Mr. Justice LORD detracts much from the binding force of the conclusion reached by a majority of the court.

In *Mattson* v. *Astoria,* 39 Or. 577 (65 Pac. 1066, 87 Am. St. Rep. 687), it was ruled that a charter provision of the City of Astoria exempting that municipality and its councilmen from liability for a defective condition of any street or alley was void, and that it was beyond, the power of the legislative assembly to take from a person injured by a faulty street all remedy. That case is interesting for the reason that the opinion was written by Mr. Chief Justice BEAN, who concurred in the decision reached in *Templeton* v. *Linn County,* 22 Or. 313 (29 Pac. 795, 15 L. R. A. 730).

In *Batdorff* v. *Oregon City,* 53 Or. 402 (100 Pac. 937, 18 Ann. Cas. 287), it was determined that the charter of Oregon City, exempting that municipality from liability on account of the faulty condition of any street, but not exonerating any officer of the city when an accident on the highway was caused by his willful neglect or gross misconduct, practically denied a remedy to a person injured by a defective sidewalk, and that such charter provision contravened Section 10 of Article I of the Constitution of this state.

2. Though a purely municipal corporation does not ordinarily sustain to a person injured by its negligence the exact relation of a *quasi* public corporation, it is believed that the analogy is sufficient to render a county liable in damages for a trespass upon private property when such invasion practically amounts to a taking of any part of the premises without condemnation.

We conclude that the complaint states facts sufficient to constitute a cause of action, and that an error was

committed in directing a verdict for the defendant. The judgment is therefore reversed, and the cause remanded for a new trial.    REVERSED.