Submitted on briefs November 2, reversed and remanded November 22, 1927.

## ETHEL M. KERNS v. UNION COUNTY ET AL.

### (261 Pac. 76.)

**Highways—In Action to Enjoin County Court from Laying Out Road, That Complaint had Been Filed for Condemnation of Plaintiff's Land was No Defense.**

1. In action to enjoin County Court from laying out and opening county road across plaintiff's premises, it was no defense as case stood upon pleadings to state that complaint had been filed for condemnation of plaintiff's land, even if complaint had stated all facts necessary to authorize such condemnation, and complaint filed as exhibit should have been stricken out.

**Eminent Domain—Before County Court can Condemn Land for New Road, There must be Resolution and Notice Thereof (Or. L., § 4561).**

2. Before County Court has jurisdiction to condemn land for purpose of opening a new road, under Section 4561, Or. L., there

must be a resolution duly adopted to locate such highway, and there must be notice of such resolution.

Courts—County Court in Laying Out Highway is Court of Special and Limited Jurisdiction, and Every Step Necessary to Obtain Jurisdiction must Appear from Record (Or. L., § 4561).

3. County Court, in laying out highway, is court of special and limited jurisdiction, and every step necessary to obtain that jurisdiction, under Section 4561, Or. L., must appear from record.

Pleading—Complaint in Another Proceeding Made Exhibit and Part of Answer, was Part Only to Indicate Defendant had Filed Complaint Stating Certain Facts.

4. In action to enjoin County Court from laying out and opening road across plaintiff's premises, where complaint for condemnation of plaintiff's land was filed as exhibit to answer and in terms made part of answer, it was part of answer only to extent of indicating that defendant had filed complaint stating certain facts existed, and it was necessary that an allegation be made that such facts actually existed in order to justify occupation by defendants of plaintiff's land.

---

Eminent Domain, 20 C. J., p. 537, n. 54, p. 891, n. 75, p. 929, n. 25, p. 1169, n. 68 New, p. 1179, n. 23 New, p. 1195, n. 69 New, p. 1197, n. 96.

Highways, 29 C. J., p. 403, n. 48, p. 408, n. 33, p. 416, n. 44, p. 464, n. 83.

Injunctions, 32 C. J., p. 139, n. 10.

From Union: J. W. Knowles, Judge.

In Banc.

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Mr. E. R. Ringo.*

For respondents there was a brief over the name of *Mr. Carl G. Helm,* District Attorney.

McBRIDE, J.—This is an action to enjoin the County Court of Union County from laying out and opening a county road across plaintiff's premises. The vital portions of the complaint are as follows:

"That said defendants are threatening to and will, unless restrained by the court, enter in and upon the premises above described and will appropriate ap-

proximately five acres thereof to their own use and will dispossess said plaintiff of said five acres and deny her the use thereof.

"That said defendants are pretending to claim said five acres of land as a market road, but that no proceedings have ever been had for the establishment of a public road or highway thereon; that no application has been made to the county court of said county for the establishment of a public road or highway on said premises; that no necessity for the establishment for a public road or highway on said premises exists and said county court has not, by resolution or otherwise, declared its intention to establish such highway or county road.

"That R. Morris and Julius Fisher are the owners of lands adjoining the premises above described and for the purpose of inducing said defendants to establish a highway on said premises, have promised and agreed with said defendants to pay the damages that may be assessed to plaintiff in the event the said five acres of land aforesaid is appropriated and plaintiff's rights therein denied; that because of said agreement and as a result thereof said defendants are threatening to and will enter in and upon said premises and will condemn and appropriate approximately five acres thereof to their own use and will dispossess said plaintiff of said five acres and deny her the use thereof but that said defendants would not do so except for the agreement aforesaid.

"That unless the aforesaid wrongful acts of defendants are enjoined, plaintiff will suffer great irreparable loss, damage and injury and that she has no plain adequate remedy at law."

Defendants answered admitting the first paragraph above quoted, and that they claimed the land described in the complaint as a market road, but denied the other allegations contained in the second paragraph of the complaint. They admitted that Morris and Fisher were the owners of land adjoining the

lands of plaintiff, and that these parties had agreed to pay all damages assessed against the county by reason of the appropriation of the lands of plaintiff, but denied all the other allegations of the paragraph quoted; denied wholly the last paragraph, and for a separate defense alleged:

"That on the 27th day of June, 1927, the defendant, county of Union, filed an action against plaintiff herein for the purpose of condemning the above-mentioned five acres as a right of way for the Alicel-Lower Cove Market Road. That said complaint in said action was served by the sheriff of Union County upon the plaintiff herein, personally and in person, on the 29th day of June, 1927, a copy of the complaint in said action being attached hereto marked "Exhibit A," and by reference made a part of this complaint. That said complaint is a good and sufficient complaint and has never been attacked or denied by the plaintiff herein.

"That plaintiff has a plain, speedy and adequate remedy at law."

Plaintiff moved to strike out certain designated portions of the further and separate answer and also the whole of exhibit "A." The court directed the last paragraph to be stricken out and overruled that part of the motion relating to exhibit "A." Plaintiff then demurred generally to the answer, which demurrer was overruled.

1, 2. We are of the opinion that the whole of exhibit "A" should have been stricken out. It was no defense in this case, as it stands upon the pleadings, to state that a complaint had been filed for condemnation of the required five acres of plaintiff's land even if such a complaint had stated all the facts necessary to authorize such condemnation. The complaint stated facts indicating that defendants contemplated a con-

tinuing trespass upon plaintiff's land, which is one of the grounds of equity jurisdiction, and it devolved upon defendants to justify their intended occupancy by showing a right to enter upon and use the lands for a lawful purpose, in this instance, a public highway. In the case at bar, it was necessary to plead and prove, first, that a resolution was duly adopted by defendants to locate such a highway, and, second, notice of such resolution. The resolution and notice thereof are necessary to bring owners of the land, over which the proposed road may pass, into court, and, before these preliminaries are complied with, the court has no jurisdiction to go further.

3, 4. A County Court, in laying out and establishing a highway, is a court of special and limited jurisdiction, and every step necessary to obtain that jurisdiction must appear from the record: *Johns* v. *Marion County,* 4 Or. 46, and a number of other cases following this. While exhibit "A" is in terms made part of the answer, it is only so to the extent of indicating that the county has filed a complaint stating that certain facts exist. There is no allegation that such facts actually exist, and it is necessary that such allegation should be made in order to justify the occupation by defendants of plaintiff's land.

We hold that Section 4561, Or. L., is broad enough to enable the County Court to condemn land for the purpose of opening a new road, but, in cases like the one at bar, there must be first a resolution and the notice hereinbefore indicated. We do not regard of vital importance the fact that certain settlers along the proposed route have agreed to pay part of the damages incident to opening the road, especially in light of the fact that the maps and plans must be submitted to the State Highway Commission and receive

their approval. We do not decide whether or not the County Court can enforce such an agreement.

We think the demurrer to the answer should have been sustained, and the judgment of the lower court reversed, but, as it appears probable that an amendment to the answer may show matters in justification, we remand the cause to the Circuit Court for that purpose. The county is evidently financially responsible for any damages that may ensue pending the final hearing. Neither party will recover costs.

Reversed and Remanded.