Argued at Pendleton May 2; affirmed July 8; rehearing granted
October 4; former opinion adhered to December 20, 1932

# KERNS *v.* COUCH ET AL.

(12 P. (2d) 1011, 17 P. (2d) 323)

*J. M. Devers,* Assistant Attorney General (Carl G. Helm, District Attorney, of La Grande, on the brief), for appellants.

*E. R. Ringo,* of La Grande, for respondent.

■ KELLY, J. The first assignment of error is based upon the action of the trial court in overruling defendant's objection to the introduction of any testimony by plaintiff. The question thus presented is whether this action can be maintained against the county. It is a well-recognized principle that in the absence of a statute, either expressly or impliedly authorizing it, an action based upon tort cannot be prosecuted against a county.

It is a well-recognized rule in this state that a plaintiff may waive a tort and declare upon an implied contract. Moreover, the rule has been announced by this court that a county may be sued for trespass upon private property when such invasion practically amounts to a taking of any part of the premises without condemnation: *Theiler v. Tillamook Co.,* 75 Or. 214 (146 P. 828). A careful consideration of the complaint in the case at bar leads us to the conclusion that it states facts disclosing an appropriation of property by defendant, county. Such appropriation implies an agreement to pay the damages attendant thereupon.

After alleging plaintiff's ownership of a quarter section of land in Union county, Oregon, plaintiff further sets forth in the complaint:

"That on or about July 1st, 1927, said defendants wrongfully and unlawfully entered in and upon said premises and forcibly dispossessed plaintiff of approximately five acres thereof, and at all times since said date have unlawfully and wrongfully continued to withhold possession from plaintiff and deprive her of the use thereof; that said defendants unlawfully and wrongfully harvested a crop of oats then growing thereon and appropriated the same to their own use; that said defendants unlawfully dug two parallel ditches approximately four feet deep and about sixty feet apart diagonally across said premises and constructed an embankment between them and covered said embankment with rock and gravel, thereby permanently destroying the land contained therein for farming and dairying purposes; that said defendants unlawfully constructed a fence on either side of said ditches; that said fences were so constructed that approximately seventy acres of land was on the westerly side thereof; that said defendants scattered spools and other discarded material over various parts of the remainder of said premises and that plaintiff in harvesting a part of the crop growing thereon being unaware of the presence of such material run into one of said spools and broke and damaged a mower belonging to her."

The characteristically original manner employed by plaintiff's counsel in describing a highway as an embankment covered with rock and gravel between parallel ditches does not alter the obvious and admitted fact that the appropriation of the premises was for the purpose of establishing a market road thereupon. Unquestionably, this is a taking of property for which compensation must be made.

In *Gearin v. Marion County*, 110 Or. 390 (223 P. 929), Mr. Justice RAND, speaking for the court, clearly indicates the distinction between those cases where the cause of action is based upon incidental damages resulting from tort and those cases where, as in the case at bar, property is alleged to have been taken within the meaning of that term as used in the constitution.

A question analogous to the one considered here was adjudicated in the case of *O. R. & N. Co. v. McDonald*, 58 Or. 228 (112 P. 413, 32 L. R. A. (N. S.) 117). That was a suit in equity instituted by the railroad company to restrain the defendants from interfering with the completion of its roadway and track through defendant's premises after forfeiture of its right of way by failure to construct same within the time specified in its contract. The road was completed under the protection of preliminary injunction. When the case was tried, it was decided in favor of defendants. This court fixed the amount of damages to be paid by plaintiff to defendants, thus recognizing the right of a property owner to compensation for property taken without condemnation. It is true that the case cited was not an action at law, but a suit in equity. Its decree conferred title to the right of way, while, at best, the judgment in the instant case would but constitute ground of estoppel against the assertion that the county had no easement. In the case at bar, however, we have the benefit, not available in the case cited, of the verdict of a jury.

Error is also assigned because the trial court overruled defendant's motion to dismiss. The same reason is urged in support of this motion as that which was submitted in support of defendant's objection to the introduction of testimony. The trial court did not err either in overruling said objection or said motion.

■ Error is also predicated upon the action of the trial court in sustaining plaintiff's objection to the introduction in evidence by defendant of the record of an attempted condemnation proceeding instituted June 27, 1927, of a suit for an injunction instituted July 28, 1927, of an order of temporary injunction issued July 28, 1927, and also of a proceeding instituted December 6, 1928, by means of a resolution adopted by the county court of Union county to make the road improvement in suit. The trial court did not err in that respect. As to the first condemnation proceeding, the court in which that proceeding was instituted, was without jurisdiction because of a failure to allege that a resolution was duly adopted to locate the highway in question and that notice thereof was given: *Kerns v. Union County*, 123 Or. 103, 107 (261 P. 76). The record of the suit for injunction was inadmissible. The order of temporary injunction restraining plaintiff from interfering with defendant's entry upon her land was void because no bond had been filed as provided by statute. The suit for injunction resulted in a dismissal thereof.

■ As to the record of the subsequent proceeding in the county court, as the learned trial judge held, there is no pleading to support its introduction in evidence. It is expressly admitted in the answer "that no damages have been paid." In a word, the answer consists only of admissions and denials. Nothing in the nature of payment, confession and avoidance, accord and satisfaction, or res judicata is alleged.

Objections were repeatedly urged to questions as to the amount of plaintiff's damages. In nearly every instance, these objections were overruled. In this respect, wide latitude was given.

As illustrative of the state of the record in this respect, we note the testimony of witness Walter Richards. This witness testified that he had lived in Union county, Oregon, for about thirty-two years and that until the last two years he had been engaged in farming in said county; that for about twenty-four years he had been closely acquainted with plaintiff's property.

He was asked what the effect would be upon plaintiff's farm, or any other similar farm, to divide it diagonally in substantially equal parts. To this, objection was interposed as being an effort to fix the same damages that were determined in a proceeding by which the damage to this property was determined and before which this plaintiff submitted her same cause of action. This objection was overruled. We quote the remainder of the direct examination of this witness:

"A. It would be an awful nuisance to have that farm divided with a highway. The way it was you could harvest it any angle but now you will have to be crossing this highway and there will be some expenses to it.

"Q. What kind of farming was done on that place was there any dairying?

"A. Not then; it was in grain then all but a small piece of meadow land down about the middle of the place.

"Q. Did this strip taken through there—did that go through this meadow?

"A. A part of the meadow in that, but it was mostly oats.

"Q. You have been over the place many times since this strip was taken through the Kern's place?

"A. Yes sir, along the road.

"Q. Since it has been used as a highway you have been over it?

"A. Yes sir.

"Q. What would you say as to the damage to the place resulting from the taking of that strip through there?

"Mr. Devers: We object to that in behalf of the county and county officials for the reason that witness has not shown himself qualified; and for the further reason it is an effort to fix some other or additional damages than were determined in the tribunal that once passed upon the matter and before which this plaintiff went with her claim for damages.

"The Court: Objection is overruled.

"Mr. Devers: May we have an exception.

"The Court: You may.

"Mr. Fisk: And I object on the further ground it is not the proper measure of damages.

"The Court: Objection is overruled.

"A. It would damage the land half, if I was farming it.

"Mr. Devers: We move to strike out the answer and that the jury be instructed to disregard it.

"The Court: Motion is denied.

"Mr. Devers: We ask for an exception.

"The Court: Exception is allowed.

"Mr. Ringo: That is all."

We also refer to the testimony of witness C. E. Lawson, who has lived in Union county eighteen years and who is engaged in stock raising in said county, who owns a 960-acre ranch there, and who was acquainted with the premises in suit, and had passed by them before the road was put through and observed the crops. This witness was asked the following questions:

"Q. What would you say as to the damages there to the property as a result of taking this strip of five acres through the center of it and dividing the place.

"Mr. Devers: Objected to on the ground that the plaintiff has not shown himself qualified to testify

on such matter and for the further reason it is an effort to establish damages, the same damages that the plaintiff sought to establish in presenting her claim to the county court and that tribunal passed upon the matter and from the findings of that court she did not appeal.

"The Court: Objection is overruled.

"Mr. Devers: We ask an exception.

"The Court: Exception is allowed.

"A. I would think from $2500 to $3000 anyway.

"Mr. Ringo: You may cross-examine."

A similar question was propounded to several other witnesses. In one instance at least the objection interposed by appealing defendant was amplified to include as a further reason that "the answer (question) does not call for the proper measure of damages." These objections were overruled and the amount of alleged damages stated in terms of dollars and cents by the witnesses.

■ We do not approve this method of eliciting testimony as to alleged damages in cases of this character. As affecting the record of this case, however, we are of the opinion that a reversal ought not to be ordered because of it.

The last assignment of error is based upon the following:

"Certificate of Official Reporter.

"I, W. L. Patterson, official reporter do hereby certify that on the morning of November 12, 1931, the Hon. C. H. McColloch, the trial judge dictated to me the following statement, requesting me to make the same a part of my official stenographic record of the trial, viz:

"The Court: After said cause was submitted to the jury the jury asked to be permitted to ask the court a question. Thereupon the foreman of the jury propounded the following question to the court:

"Jury Foreman: The jury wishes to know that if in the event the jury finds for the plaintiff in a certain sum, will the plaintiff have the right to cash the county warrant in addition to such amount stated in the verdict?

"The court answered the question by telling the jury that the plaintiff would not have such right.

"After the verdict was returned into court, counsel for defendants Union County, Oregon, U. G. Couch, W. W. Stevens and W. R. Ledbetter took exceptions to the court's answer to said question in that he contended that it was an instruction in conflict with the issues and instructions already given, which exception was allowed by the court.

> "W. L. Patterson,
> "Official Reporter."

It has been held repeatedly that a litigant cannot sit by without objection, exception or protest until a verdict has been returned knowing that error has been committed; thus gamble upon the result of the jury's deliberations and, then, if an adverse verdict be returned, be heard to urge such error as ground for a new trial. No exception was taken to the instruction at such a time as to allow an opportunity to correct the mistake, if any, and, hence, we decline to consider the question.

The judgment of the circuit court is affirmed.

BELT, J., not sitting.

Rehearing granted and former opinion adhered to
December 20, 1932

On Rehearing

(17 P. (2d) 323)

KELLY, J. Upon rehearing, it is argued that defendant, Union county, may invoke the pleading of its codefendants as a basis upon which to assert a defense not pleaded in the answer of said defendant, Union county, namely, the defense of another suit pending and res judicata. This was not urged upon the original hearing, but, on the other hand, defendant, Union county, then contended that such defense could be made without affirmatively pleading it.

In the amended answer of defendants, Couch, Stevens and Ledbetter, and in the further and separate answer and defense of defendant Elmer S. Morris, administrator of the estate of Mike Morris, deceased, to plaintiff's supplemental complaint, reference is made to a claim by plaintiff, being filed in the county court of Union county, covering the same items of alleged damages which plaintiff claims in the case at bar.

In the further and separate answer of defendant Ella E. Fisher, administratrix of the estate of Julius Fisher, it is alleged:

"I. That in a proceeding instituted for the changing, and rock surfacing of, a public highway in Union county, Oregon, entitled 'In the matter of altering, re-establishing and changing the direction of a portion of the Alicel-Lower Cove Road', in the county court of the state of Oregon, on the 6th day of December, 1928, by resolution; proceedings were had in said court in said matter, and at the time prescribed by law and set by the said county court sitting for the transaction of county business for the hearing of complaints and

claims for damages claimed by persons across whose premises said road was proposed to be located, among other things, the following claim and petition was filed in the office of the county clerk and ex officio clerk of said county court by the plaintiff herein:

" 'In the County Court of Union County, Oregon.

" 'In the matter of the proposed location of a public highway on the southeast quarter of section 20, township 2 south, range 40 E. W. M., Union County, Oregon. } Petition.

" 'Comes now Ethel M. Kerns and petitions as follows, viz:

### 1.

" ' That the petitioner is the owner of the southeast quarter of section 20, township 2 south, range 40 E. W. M. in Union County, Oregon.

### 2.

" 'That the public highway which said county court, under resolution adopted by it December 6, 1928, proposes to locate on said premises will appropriate about five acres of land; that if said highway is located as proposed it will enter said premises which *is* agricultural and dairy land, at the northeast corner thereof and meander diagonally through said premises to the southeast corner and will permanently divide said premises into two tract of approximately equal size, and will permanently and seriously damage said premises for the purposes for which it is now and for many years has been used, or for any other purpose to which it could be adapted.

### 3.

" 'That by reason of the foregoing facts petitioner will be damaged in the sum of $3,000.00 by the location of said highway.

" 'Wherefore, Your petitioner prays that in the event of the location of said highway upon said premises that she be awarded damages in the sum of $3,000.00.'

(Verification omitted.)

"II. That thereafter the said county court sitting for the transaction of county business, composed of the county judge and the two county commissioners, and having under consideration the said matter of said Alicel-Lower Cove Road, did on the 6th day of June, 1929, consider the said claim of the said Ethel M. Kerns, the damages sustained and to be sustained by the said petitioner, and after due inquiry into all the facts pertaining to said damages, duly made and entered their determination, order and judgment in the premises, as follows:

" 'Be it Remembered, That at a regular term of the county court of the state of Oregon, for the county of Union, sitting for the transaction of county business, begun and held at the court house in the city of La Grande, in said county and state, on Wednesday the 5th day of June, A. D. 1929, the same being the first Wednesday of said month, and the time fixed by law for holding a regular term of said court, when were present:

" 'The Honorable U. G. Couch, County Judge,
W. W. Stevens, Commissioner,
W. R. Ledbetter, Commissioner,
C. K. McCormick, Clerk,
Jesse Breshears, Sheriff.

" 'When on Thursday, the 6th day of June, A. D. 1929, or the 2nd day of said term, among others the following proceedings were had, to-wit:

" 'In the matter of altering, reestablishing and changing the direction of a portion of the Alicel-Lower Cove Road.

" 'Now at this time this matter coming on for further consideration of the report of board of county road viewers appointed to view that portion of the Alicel-Lower Cove Market Road located on the southeast quarter of section 20, township 2 south, range 40 E. W. M., in Union County, Oregon, said report having been filed on the 22nd day of March, 1929, and it appearing that Ethel M. Kerns, the owner of said described quarter section has filed a claim for damages

in the amount of $3,000.00 in the event said road is located on said described premises, said claim being filed on the 4th day of April, 1929; and the court having considered the said report of said viewers and the claim filed by the said Ethel M. Kerns are of the opinion that said report is not equitable to all parties concerned, and that the claim filed by said Ethel M. Kerns is excessive, and the court being advised in the premises;

" 'It is, therefore, considered and ordered that the claim of Ethel M. Kerns be, and the same is hereby rejected, and the report of the said road viewers is hereby modified to read as follows:

" 'The county of Union will pay to the said Ethel M. Kerns the sum of $336.70 for the right of way as now located upon and over the southeast quarter of section 20, township 2 south, range 40 E. W. M.; that the said county of Union construct, if desired by said Ethel M. Kerns, a cattle pass under said road or in lieu thereof pay to her the sum of $400.00. The above two amounts are to be taken as covering the value of the property taken and all damages of every kind or nature rising out of the taking of said property.

"U. G. Couch, County Judge.
W. W. Stevens, Commissioner.
W. R. Ledbetter, Commissioner.' "

"III. That the plaintiff herein as claimant therein was duly notified of said judgment and decision of the said county court, and a warrant in the sum of $736.70 duly tendered to her and to her attorney of record; that more than 20 days have expired since said judgment and decision in said matter, and no appeal has been taken therefrom to the circuit court of the state of Oregon for Union County, or to any other court or at all; that the said proceeding in the establishing, re-establishing and changing and surfacing the said Alicel-Lower Cove Road and Highway was a reproceeding of the same, and after the road had been actually constructed, and all acts of the county, the said construction company, or any other persons con-

nected therewith, and whatever damage, if any, to plaintiff, was at the time of the filing of her claim as aforesaid well known, determined and appreciated by the plaintiff, and the whole thereof were included in and made up her said claim for damages, and all such were duly considered, judged and adjudged by the said county court in rendering its said decision and judgment; that each and every element now making up the total of plaintiffs claim for damages against the defendants herein as joint tort-feasors for the alleged trespass entered into, and was included in plaintiff's said claim for damages so duly adjudicated, tried and determined in the said county court in said matter, and the same having been so tried and determined in the court and before the tribunal provided for by the constitution and laws of the state of Oregon, and not appealed from is and should be conclusive upon the plaintiff, and plaintiff should be, and is estopped from again trying out such claim or claims in this court under the pretence and guise of damages for trespass.''

The character of an affirmative defense, which, when pleaded by one defendant and not by another, will inure to the benefit of the latter, is one which goes to the merits of the whole case as tending to show no cause of action in plaintiff. 49 C. J. 209, § 243, note 30 and cases there cited.

Plaintiff urges that inasmuch as section 44-1323, Oregon Code 1930, requires the adoption of a resolution by the county court and posting notices thereof in such proceedings as those referred to in the further and separate answer above set out, and inasmuch as there is no direct allegation in said answer, either of the adoption of such resolution or the posting of the notices, the allegations of said answer are insufficient.

In support of this position, plaintiff cites *Kerns v. Union County,* 123 Or. 103, 107 (261 P. 76) and *DeVall v. DeVall,* 57 Or. 128, 136 (109 P. 755, 110 P. 705). *Nally*

*v. Richmond,* 105 Or. 462 (209 P. 871), announces the same principle. Both the first and the last named of the three cases above mentioned were decided upon demurrer. *DeVall v. DeVall,* supra, bases its announcement of that principle upon the case of *Fishburn v. Londershausen,* 50 Or. 363 (92 P. 1060, 14 L. R. A. (N. S.) 1234, 15 Ann. Cas. 975), which was also decided upon demurrer to the complaint.

The omission in said answer of an allegation that the required resolution had been adopted and the prescribed notices posted is one rendering the pleading vulnerable to a general demurrer. Moreover, both the pleading and the proof disclose that the court failed to observe the statutory requirements with regard to appointing viewers and requiring them to assess damages sustained by plaintiff and as to having a hearing upon plaintiff's petition for damages.

Among other things, section 44-1323, Oregon Code 1930, provides that in proceedings for the establishment of a county road, initiated by a resolution adopted by the county court, like proceedings shall be had by such county court as in the case of the filing of a petition before it, asking for such improvement, except as in said section particularly specified.

This section of the statute also prescribes:

"(d) All damages shall be paid for out of the county road fund; and *  *  * (f) The county court shall have the power, in its discretion, to procure right of way, either by acceptance of donations, by purchase, or by agreement, or a board of road viewers may be appointed whose sole duty it shall be to determine and assess the damages, taking into consideration the benefits, of the road as located."

Section 44-1335 of the statute (Oregon Code 1930) prescribes that if any claim for damages be filed, a

board of county road viewers shall be appointed to appraise the damages as hereinbefore provided for, and thereafter the proceedings shall be as provided in sections 10 to 20 of this act (Session Laws of 1917), sections 44-1311 to 44-1315, 44-1317 to 44-1322, Oregon Code 1930.

■ Plaintiff's claim for damages was filed with the county court of Union county, April 4, 1929. No viewers were thereafter appointed. The only report of viewers appearing in the record was one made on March 22, 1929. The order of the county court appointing the viewers, who made this report, required them to meet on March 11, 1928, and to file their report on or before March 23, 1929. It is manifest that this report could in nowise affect a claim for damages filed during the following month.

Moreover, by an order appointing them, these viewers were not required to, and did not, assess plaintiff's damages. The language of the part of their report, pertaining to that matter, is as follows:

"* * * we recommend that a cattle pass be constructed in a location satisfactory to the owner of the land, if such is desired by said owner, however, if such cattle pass is not desired by the said owner of said land, then an amount equal to the cost of such cattle pass shall be paid said owner as damages, and a road should be constructed from the County Road to the residence of said owner free of charge equal in construction to other roads that have been constructed to residences in that vicinity. Inasmuch as the owner of the land has contributed to the construction of a road from the present county road to her private residence to the extent of the sum of $252.20, we hereby recommend that such sum be refunded."

Section 44-1313, Oregon Code 1930, prescribes that said board shall assess and determine how much less

valuable the premises through which the said road is located, or is to be located, are and set forth the same in their report. As stated, this was not done.

Section 44-1318, ibid, prescribes that if a petition for damages be filed, the court shall, on the day following the second reading of the report of the county road viewers, proceed to consider said petition, and for such purpose may from time to time, by an order entered in its journal, continue its hearing to a day certain, but in no event shall said hearing be postponed longer than two consecutive terms.

It is plain that the statute provides that the county court shall either appoint the viewers, whose sole duty it is to determine and assess the damages in establishing or changing the road, or shall have a hearing and take some testimony upon which to base its judgment. The record does not disclose that any testimony was taken.

The record does not contain a sufficient basis for a judgment of the county court in assessing the damages. The finding of the county court does not rise to the dignity of a judgment. The presentation of the petition of plaintiff for damages amounted to no more than an offer on her part to accept the amount named therein as damages. This offer was not accepted by the county court, and, hence, the record discloses only an unaccepted offer of settlement.

The defense based upon this offer is not a complete defense and is not of the character which when pleaded by one defendant and not another will enure to the benefit of the latter.

■ If it appear that there was no real trial, no real proceeding and consequently no real judgment, the purported judgment may be treated as a nullity. *Conklin v. LaDow,* 33 Or. 354, 365 (54 P. 218, 222).

■ In proceedings like those in question it is not only necessary for a party to have notice but there must be some kind of a hearing and determination upon the question which is presented. In the instant case, the county court confined its consideration to the claim filed by plaintiff and to a report of the viewers wherein no assessment of damages was made. Such a course is more than a mere irregularity; it is fatal to the validity of the judgment attempted to be rendered.

Plaintiff and appealing defendant have been litigating over the road in question since June 27, 1927. It would indeed be anomalous if defendant, through its county court, could finally determine the amount to which plaintiff is entitled as damages herein without observing the mandates of the statute pertaining to such matters.

■ In the original opinion, the writer erroneously stated that the record of the proceedings in the county court was not received in evidence in the case at bar. The fact is that the record of a former proceeding was not admitted in evidence, but the record of the proceedings under discussion was received in evidence.

With respect to that record, the jury were instructed as follows:

"I instruct you that such proceedings would not in any event be a complete defense to any damage, if any, suffered by plaintiff prior to the time such proceedings were commenced."

At a later point in the court's instructions, this statement was made:

"In other words, it would only be for damages inflicted after the county acquired title to such highway that such proceedings would be a defense and the title would not be acquired by the county until such proceedings were completed."

The action of the trial court in receiving the record of said last mentioned proceedings in evidence and in giving the instructions quoted was error, but it was favorable to defendant and defendant cannot complain.

We believe that the former opinion was correct and should be adhered to. It is so ordered.

CAMPBELL and ROSSMAN, JJ., not participating in this decision.