REID DEVELOPMENT CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, AND PARK PLACE BUILDERS', INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS, v. THE MAYOR AND THE COUNCIL OF THE BOROUGH OF VERONA, A MUNICIPAL CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided November 21, 1950.

*Mr. Abraham M. Herman,* attorney for plaintiffs.

*Mr. William J. Camarata,* attorney for defendants.

STEIN, J. S. C. Plaintiffs, Reid Development Corporation, and Park Place Builders', Inc., institute this suit against the Mayor and Council of the Borough of Verona for injunction restraining the defendants from diverting waters from the Forest Avenue drainage system to the property of the plaintiffs and for mandatory injunction directed to the defendants to remove the outlet of the storm drain from Forest Avenue on to Gerdes Avenue.

Before the court is the return of an order to show cause issued upon the filing of the complaint why final judgment should not be entered in favor of the plaintiffs granting the relief prayed for. The matter was heard on complaint, answer and affidavits from which it appears that the pertinent facts upon which the court's decision may be rested are not in dispute.

Plaintiffs are the owners of property laid out on "Map of Fairway Estates, Inc.," which map is dated May 1, 1927. Plaintiffs' property fronts on a street known as Gerdes Avenue running east from Forest Avenue a distance of some 895 feet. Gerdes Avenue is delineated on the map of Fairway Estates, Inc., which map has been approved and filed by the Borough of Verona and the Town of West Orange, but Gerdes Avenue has not been accepted as a public street by the defendant Borough of Verona. Plaintiffs complain that a storm drain on Forest Avenue is not connected to any existing storm

drain, but has an open pipe leading into Gerdes Avenue, causing the drainage water to flow upon the lands of the plaintiffs to their damage.

Forest Avenue running from Hillside Avenue south to Fairway Avenue is a publicly accepted highway. Forest Avenue contains a storm drain maintained by the Borough which collects waters from a large area immediately west of Forest Avenue.

Sometime in 1940 Gerard Homes, Inc., acquired lots fronting on Forest Avenue and put in certain improvements which it says were required by the Borough of Verona before it would accept a deed for said street. It retained engineers to prepare plans and specifications for what was to be known as Forest Avenue extension, which street was to go through lands in the Borough of Verona between the south side of Hillside Avenue, Verona, and the north side of Fairway Avenue, West Orange. Plans for the extension were prepared and the plan and profile dated August 28, 1940, is attached and made part of an affidavit on file.

The area where Forest Avenue extension was to be located lies on the side slope of a hill commencing in Essex Fells and sloping west to east downward toward the westerly side of Lakeside Avenue. The difference in elevation between the natural surface at the intersection of the center lines of Forest Avenue and proposed Gerdes Avenue is about 51 feet, which, according to the affiant engineer, conforms with the natural slope of the hill to the west. According to the engineer, the natural course that surface water follows along Gerdes Avenue is from west to east.

According to the map, two drainage catch basins appear on the west side of Forest Avenue extension, with 18-inch concrete drain pipe running under the bed of Forest Avenue extension to a point about 141 feet on the proposed Gerdes Avenue, which drains collect the natural surface waters at that point. Gerard Homes proceeded to obtain bids for the installation of the storm drain and the paving of the street, and at its expense paved the street and paid for the storm

drains, water main and sanitary sewer. The improvements were made by contractors engaged by Gerard Homes.

The Borough, it is admitted, did not at its own cost and expense, or otherwise, install or do any of the work, nor did the Borough by artificial drains or otherwise, divert surface water in that area from the course it would otherwise take and cast it upon the proposed Gerdes Avenue. Such is the uncontradicted proof.

In order to grant the relief sought the burden rested on the plaintiffs to prove that the defendant municipality by active wrongdoing entered upon a drainage scheme in the mentioned area as a result of which it collected water from the area mentioned and by artificial drains cast it upon the proposed Gerdes Avenue. *Field v. West Orange*, 36 *N. J. Eq.* 118 (*Ch.* 1882); affirmed, 37 *N. J. Eq.* 600 (*E. & A.* 1883); *Miller v. Morristown*, 47 *N. J. Eq.* 62, 20 *A.* 61 (*Ch.* 1890); *Kehoe v. Rutherford*, 74 *N. J. Law* 659, 65 *A.* 1046 (*E. & A.* 1906); *Soule v. Passaic*, 47 *N. J. Eq.* 28, 20 *A.* 346 (*Ch.* 1890); *Cassini v. Orange*, 107 *N. J. Eq.* 128, 151 *A.* 871 (*Ch.* 1930); *Peter Wendel & Sons, Inc., v. Newark*, 138 *N. J. Eq.* 69 (*Ch.* 1946); *Truhlar v. East Paterson*, 4 *N. J.* 490 (1950).

Judgment for the defendants.