Argued and submitted February 23, reversed and remanded May 12, 1993

Tim FERGUSON
and Lynn Ferguson,
*Appellants,*

*v.*

CITY OF MILL CITY, OREGON,
a municipal corporation,
*Respondent.*

(90-0996; CA A75063)

852 P2d 205

M. Chapin Milbank, Salem, argued the cause and filed the brief for appellants.

James L. McGehee, Stayton, argued the cause for respondent. With him on the brief was McGehee & Meiners, Stayton.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiffs appeal from a declaratory judgment that a city ordinance that requires private property owners to grant easements to the city to enter their property to construct and maintain a sewer connection is not a taking of property under Article I, section 18, of the Oregon Constitution. We reverse.

Defendant Mill City (city) decided to build a sewer system that includes numerous city-owned interceptor tanks designed to receive solid waste that would later be pumped to a central treatment facility. It determined that the best place for the interceptor tanks would be the site of each individual residence or other occupied structure, to avoid possible interference with water, gas and other underground facilities currently located under public rights of way.

To implement its decision, city adopted a new sewer ordinance, Mill City Ordinance No. 233 (Ordinance No. 233), which provides, in part:

"The owner of all houses, buildings or properties used for human occupancy, employment, recreation or other purposes, situated within the City and abutting on any street, alley or right of way in which there is now located or may in the future be located a public sanitary sewer of the City is hereby required, at his expense, to connect such facilities directly with the proper public sewer using city approved construction methods and material[.]" Ordinance No. 233 § 2(D).

The ordinance further provides that no person may attempt to make a sewer connection without a permit. Ordinance No. 233 § 2(C). A permit will be granted only after the property owner has paid a connection charge and has granted an easement to city. Ordinance No. 233 § 5(A). The easement must permit city to enter the owner's property to operate and maintain the interceptor tank, the service connection and any other collection system on the property. Ordinance No. 233 § 5(C). The parties agree that the ordinance effectively requires private property owners to grant the easements without compensation. It is likewise undisputed that the ordinance requires that the easements, at a minimum,

include the dedication of some portion of surface and subsurface private property to accommodate the city-owned interceptor tanks and related sewer lines.[1]

Plaintiffs, Mill City property owners, filed this action, asking for a declaration that Ordinance No. 233 effects an unconstitutional taking of property in violation of Article I, section 18, of the Oregon Constitution. The trial court held that the ordinance is not unconstitutional, because it merely imposes reasonable burdens on private property owners.

Plaintiffs assign that ruling as error. They argue that, because the ordinance requires a physical occupation of their property, it is a taking regardless of how "reasonable" that occupation may be. As authority for that proposition, plaintiffs cite *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 US 419, 102 S Ct 3164, 73 L Ed 2d 868 (1982). City concedes that its ordinance effects a physical occupation. It further concedes that courts consistently have held that physical occupation of private property by a local government constitutes a taking of property. Nevertheless, city argues that the trial court's decision should be affirmed because the ordinance was adopted not to benefit city, but private property owners, and because the private benefits of Ordinance No. 233 so overwhelmingly outweigh what it characterizes as the minimal physical intrusion the ordinance requires.

■ Article I, section 18, of the Oregon Constitution provides that "[p]rivate property shall not be taken for public use * * * without compensation." The basic thrust of this constitutional provision is generally the same as the "takings" provision of the Fifth Amendment to the federal constitution. *Seuss Builders v. City of Beaverton*, 294 Or 254, 259 n 5, 656 P2d 306 (1982); *Cereghino et al v. State Highway Com.*, 230 Or 439, 444-45, 370 P2d 694 (1962). The criteria for an unconstitutional taking are not necessarily identical under both state and federal constitutional provisions, but at least where there has been a permanent physical occupation by the state or local government, the rule always has been the same:

---

[1] A standard form "Sewerage System Easement," which city has used in the construction phase of its project, requires the private property owner to refrain from erecting any structure or substantially diminishing the ground cover within 10 feet of any tanks or within 5 feet of any service lines installed by the city.

Government action that effects a permanent physical occupation of private property is a taking. *Lucas v. So. Carolina Coastal Council*, 505 US____, 112 S Ct 2886, 120 L Ed 2d 798, 812 (1992); *Tomasek v. Oregon Highway Com'n*, 196 Or 120, 151, 248 P2d 703 (1952); *Morrison v. Clackamas County*, 141 Or 564, 568, 18 P2d 814 (1933).

■ This rule is to be distinguished from the principle that the state has the authority to require landowners to comply with reasonable restrictions on the use of their land. *Yee v. Escondido*, 503 US____, 112 S Ct 1522, 118 L Ed 2d 153 (1992). The state may impose a variety of use restrictions that require the landowner to devote some physical space to the task. The state may, for example, require the installation of fire sprinklers without effecting a taking of property. *Queenside Hills Co. v. Saxl*, 328 US 80, 66 S Ct 850, 90 L Ed 1096 (1946). The state may not, however, require a landowner to store the state's surplus sprinkler pipes and related equipment. The difference is that, in the case of a physical occupation, the state requires the landowner to suffer occupation by another person or another person's property, while in the case of a reasonable use restriction, there is no such invasion. As the Supreme Court said in *FCC v. Florida Power Corp.*, 480 US 245, 107 S Ct 1107, 94 L Ed 2d 282 (1987), "so long as * * * regulations do not *require* the landowner to suffer the physical occupation of a portion of his building by a third party," the regulation is not considered a taking under the physical occupation rule.[2] 480 US at 252 (quoting *Loretto v. Teleprompter CATV Corp., supra* 458 US at 440).

In that regard, *Loretto v. Teleprompter CATV Corp., supra*, is directly on point. There, the United States Supreme Court held that a state law requiring landlords to permit cable television companies to install cable television lines and other facilities on their property involved a physical occupation of private property. Therefore, the court concluded, the law accomplished a taking of private property. We see no material distinction between the installation of cable lines and boxes required by the state law challenged in *Loretto* and the

---

[2] The regulation still may constitute a taking. Whether it does, however, depends on an evaluation of its purposes and effects or the extent to which it deprives the landowner of economic use of the property. *Yee v. Escondido, supra*, 503 US at ____ (118 L Ed 2d at 162).

installation of sewer lines and interceptor tanks required by Ordinance No. 233.[3] Both result in permanent physical occupation of private property. Both create takings of property.

City contends that *Loretto* and the other physical occupation cases should be ignored because of the minimal intrusion Ordinance No. 233 requires and the substantial benefits it achieves. That contention has no merit. The relative burdens and benefits of an ordinance are irrelevant when the result is a permanent physical occupation of private property. As the Supreme Court said in *Loretto*:

> "[W]hen the 'character of the governmental action' is a permanent physical occupation of property, our cases uniformly have found a taking to the extent of the occupation, without regard to whether the action achieves an important public benefit or has only minimal economic impact on the owner." 458 US at 434-35. (Citation omitted.)

*See also Lucas v. So. Carolina Coastal Council, supra*, 505 US at ＿＿ (120 L Ed 2d at 812); *Lincoln Loan v. State Hwy. Comm.*, 274 Or 49, 53, 545 P2d 105 (1976).

Reversed and remanded.

---

[3] That the occupation in *Loretto* was by private parties authorized by the state, as opposed to the state itself, is not material. As the court in *Loretto* said: "A permanent physical occupation authorized by state law is a taking without regard to whether the State, or instead a party authorized by the State, is the occupant." *Loretto v. Teleprompter CATV Corp., supra*, 458 US at 432 n 9.