Argued September 20, affirmed September 30, reconsideration
denied October 30, petition for review denied November 26, 1974

MUNN, *Appellant, v.* BURKS (No. 73-3953),
*Respondent.*
526 P2d 1040

*Stephen R. Blixseth,* Eugene, argued the cause for appellant. With him on the briefs were Gildea & McGavic, P. C., Eugene.

*Robert E. Franz, Jr.,* Eugene, argued the cause for respondent. On the brief were Jaqua & Wheatley and William G. Wheatley, Eugene.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

PER CURIAM

Plaintiff appeals from an adverse judgment entered after demurrer was sustained to plaintiff's amended complaint. The amended complaint alleges two causes of action, one in libel, the other in slander. Each alleges that the defendant, who is sheriff of Lane County, made false accusations concerning alleged assaultive behavior of the plaintiff which were malicious, intentional and reckless. The sheriff's written and oral statements were made to the Board of County Commissioners which, pursuant to ORS 472.-120, was preparing to make official recommendations to the Oregon Liquor Control Commission concerning renewal of plaintiff's Class B liquor dispenser's license. The sheriff, as the chief law enforcement officer of the county, was acting in that capacity in making the statements and recommendations against renewal of the license.

In deciding whether a complaint like this can state a cause of action against a public officer, the first test is whether his alleged conduct which is the basis of the action is discretionary as opposed to ministerial. The second is whether the officer has the

authority to perform the act. Our decision in *Donahue v. Bowers/Steward,* 19 Or App 50, 526 P2d 616 (1974), discusses the applicable law. We think it obvious that the alleged action of the sheriff in the case at bar was discretionary in nature and in view of ORS 472.120 it cannot be denied that the sheriff, as the responsible law enforcement officer (ORS 206.010), had the authority to act in making recommendations concerning renewal of the liquor dispensing license. Inasmuch as the allegations of the complaint supplied all the information that was necessary for a court to arrive at the conclusion that no cause of action was stated, the demurrer was a proper procedural remedy.

Affirmed.